(No. 25429.—

VICTOR NOVICKI, Appellant, *vs.* THE DEPARTMENT OF FINANCE, Appellee.

*Opinion filed February 21, 1940—Rehearing denied April 3, 1940.*

HERMANN P. HAASE, for appellant.

JOHN E. CASSIDY, Attorney General, (MONTGOMERY S. WINNING, MORTIMER PORGES, and PHILIP J. SIMON, of counsel,) for appellee.

Mr. JUSTICE JONES delivered the opinion of the court:

Appellant conducted a tavern in the village of Melrose Park. He filed monthly returns with payments of what he claims to be the correct amount of taxes due under the Retailers' Occupation Tax act. Upon a reassessment in the sum of $1382.19, with penalty of $69.11, notice thereof, protest by the taxpayer, and a hearing, the Department of Finance assessed appellant $959.51 as a deficiency tax due from July 1, 1933, to August 31, 1937, with penalty of $47.98. The superior court of Cook county quashed a writ of *certiorari* to review the proceedings, and the cause is here by an appeal of the taxpayer.

At the hearing appellant introduced in evidence a book showing daily receipts and disbursements from July 1, 1933, to December 31, 1935, and another book with a like showing for the remainder of the period. He testified the entries were made by him daily, that they were true and correct, and that he kept no other books. On cross-examination, he testified the book for the first period was copied from another book of original entry, which he later produced. Appellee introduced in evidence the reassessment. Over the

objection of appellant, appellee introduced in evidence statements of Novicki's purchases of beer from the Western Beverage Company, from John Pauga, and from the Charles A. Zahn Company. An investigator for the Department of Finance testified he examined the records of the vendors and that the statements produced were correct, but that he could not testify as to the correctness of the records from which they were taken. These statements were objected to on the ground they were hearsay evidence, and it is not denied this is true.

The first question presented is whether these statements, although hearsay evidence, were properly admitted. Section 8 of the Retailers' Occupation Tax act (Ill. Rev. Stat. 1939, chap. 120, par. 475) in part, provides: "In the conduct of any investigation or hearing, neither the department nor any officer or employee thereof shall be bound by the technical rules of evidence and no informality in any proceeding, or in the manner of taking testimony, shall invalidate any order, decision, rule or regulation made or approved or confirmed by the department." Counsel for appellant suggests, and we think rightly so, that this provision may permit the asking of leading questions and other informalities in the introduction of evidence, but that the legislature did not intend by section 8 to abrogate the fundamental rules of evidence. The rule against hearsay evidence, that a witness may testify only as to facts within his personal knowledge and not as to what somebody else told him, is founded on the necessity of an opportunity for cross-examination, and is a basic and not a technical rule. (*Chicago and Alton Railroad Co.* v. *Johnson,* 116 Ill. 206; *Snydacker* v. *Brosse,* 51 id. 357; *Barnes* v. *Simmons,* 27 id. 512.) Such evidence is not admissible under section 8.

Appellee has cited a number of cases to the effect that an officer who is empowered to review tax assessments is not bound by the evidence introduced by the taxpayer, but has a right to act upon his own knowledge and judgment and to use any available means of information; and that he

may hear affidavits or unsworn testimony without giving an opportunity for cross-examination. (*People* v. *Millard,* 307 Ill. 556; *People* v. *St. Louis Bridge Co.* 291 id. 95; *In re Maplewood Coal Co.* 213 id. 283; *Pratt* v. *Raymond,* 188 id. 469; *Earl & Wilson* v. *Raymond,* id. 15; *Sterling Gas Co.* v. *Higby,* 134 id. 557.) An examination of those cases discloses that they involved taxes on real or personal property, and the question at issue was the value of the property sought to be taxed. Those cases are clearly not in point. The question, here, is not the value of property, a matter on which opinions may honestly differ. The Retailers' Occupation tax is a tax not on property, but on the privilege of engaging in the business of selling tangible personal property for use or consumption, the amount of the tax being measured by the gross receipts from retail sales. (*Reif* v. *Barrett,* 355 Ill. 104; *People* v. *Nudelman,* 370 id. 237.) The amount of such receipts is purely a question of fact which is susceptible of accurate computation, and on a hearing the amount found due must be sustained by competent evidence.

It is agreed that the proposed assessment, being a correction of returns filed by the taxpayer, was *prima facie* correct. (Ill. Rev. Stat. 1939, chap. 120, par. 443; *Anderson* v. *Department of Finance,* 370 Ill. 225.) It is undisputed that if the entries contained in the appellant's books are correct, the proposed assessment is wrong. It is also true that, since the records of purchases introduced by the department were incompetent and should not have been considered, the only competent evidence was the appellant's books and his testimony. Appellee contends this evidence was so inconsistent and improbable that it was unworthy of belief and was not sufficient to overcome the *prima facic* case. With this we are unable to agree. Appellee states that Novicki admitted that, based on his selling price of beer and on computations by the breweries, a barrel of beer costing him $16 should retail for $33, more than one hundred per cent over cost. The proposed assessment found Novicki

sold beer for twice what he paid for it. What Novicki testified was that he would receive $33 for a barrel of beer if he sold all of the beer, but that he did not sell all of it. He testified he lost from four to six gallons of each barrel. This loss was caused, he explained, by the fact that he cleaned the coils every morning, and each time lost about a gallon of beer that was in the coils, and sometimes, when business was slow, he would have a barrel on tap for eight or nine days. He also lost some by giving a free "beer wash" when a customer bought a drink of liquor. He further stated that some of the beer went "over the glass." Counsel for appellee stress the fact that in one part of his testimony Novicki testified he lost about four gallons per barrel, in another about five gallons, and still later that he lost about five or six gallons. It is a reasonable conclusion from his testimony that he was merely estimating the loss, which fluctuated according to the length of time he kept a barrel of beer on tap, etc. Appellee also points out that his statements as to his profit on a dollar sale of beer and as to his profit on a barrel of beer are inconsistent. It is possible he made an error in computation. Whether or not Novicki was telling the truth is not in issue, and on that we express no opinion. That is a matter which can be ascertained by the introduction of evidence. His testimony was not so inconsistent or improbable, in itself, as to render it unworthy of belief, or to overcome his positive testimony that his books were true and correct. In this state of the record, with appellant's evidence uncontradicted, the *prima facie* case made by the proposed assessment was overcome, and the burden shifted to appellee to prove its case by competent evidence. This it failed to do. For this reason the court erred in quashing the writ of *certiorari*.

The judgment is reversed and the cause remanded, with directions to quash the record of the Department of Finance.

*Reversed and remanded, with directions.*