MARGARITA CANALES, Plaintiff-Appellee, *v*. DOMINICK'S FINER FOODS, INC., Defendant-Appellant.

First District (5th Division)    No. 79-1411

Opinion filed January 16, 1981.

Kralovec, Marquard, Doyle, Gibbons & Fraterrigo, Chartered, of Chicago (Fredrick J. Fraterrigo and Joseph J. McDonough, of counsel), for appellant.

John C. Erb and Paul B. Episcope, both of Chicago, for appellee.

Mr. PRESIDING JUSTICE SULLIVAN delivered the opinion of the court:

In this appeal from an award of damages for personal injury defendant asserts error in denial of its motion for directed verdict and its post-trial motions, in the rulings of the court on motions *in limine*, and in the giving of certain instructions.

Plaintiff and her husband were shopping in defendant's self-service store and, as she was pushing a shopping cart down an aisle, her foot slipped. She did not fall, but in attempting to regain her balance her body

twisted in such manner that she injured her back. She looked for the cause of her slip and saw a Ben-Gay tube on the floor which had been crushed so that its contents were forced out of the bottom of the tube. The cap remained on the tube, but the ointment—which was described as being greasy and pasty—was spread over an area about one foot wide and three feet long on the floor. An empty Ben-Gay packaging container was on the floor near the tube, and packages of Ben-Gay were displayed on an adjoining shelf.

Neither plaintiff nor her husband had any knowledge as to how the substance reached the floor nor how long it had been there. Only one person was seen in the aisle before plaintiff slipped, and she was an unknown shopper coming from the opposite direction who had not yet reached the area where plaintiff slipped.

At the time of the occurrence, a full-time porter whose duty it was to keep the aisles clean and clear of debris was not working, but there was defense testimony that other employees had the responsibility to do so in his absence.

OPINION

■■ Defendant initially contends that its motion for directed verdict at the close of the evidence and its motion for judgment *n.o.v.* were improperly denied. It is undisputed that plaintiff's status at the time of the occurrence was that of a business invitee. Accordingly, defendant owed her the duty of maintaining the premises in a reasonably safe condition. (*Geraghty v. Burr Oak Lanes, Inc.* (1955), 5 Ill. 2d 153, 125 N.E.2d 47.) With regard to this duty, it was stated in *Olinger v. Great Atlantic & Pacific Tea Co.* (1961), 21 Ill. 2d 469, 474, 173 N.E.2d 443, 445:

> "Where a business invitee is injured by slipping on a foreign substance on defendant's premises, and there is evidence tending to show that defendant or his servants knew or should have known of its presence, the issue of negligence will be submitted to the jury."

The rule was stated in *Dunlap v. Marshall Field & Co.* (1975), 27 Ill. App. 3d 628, 327 N.E.2d 16, "that if a business invitee is injured by slipping on a foreign substance on defendant's premises and there is a basis in the evidence for an inference of defendant's or his servant's negligence, then the case must go to the jury. If the substance was on the floor through the act of a third person, or there is no showing of how it reached the floor, there must be evidence of sufficient notice to defendant of the presence of the substance so that defendant, in the exercise of ordinary care, would have discovered it." 27 Ill. App. 3d 628, 631.

In the instant case, plaintiff agrees that she has not shown that defendant had actual notice of the substance on its floor, but she argues

that the evidence of constructive notice was such that the court properly denied defendant's motions for directed verdict and for judgment *n.o.v.*

The applicable standard for determining the propriety of granting a directed verdict for a judgment *n.o.v.* was stated in *Pedrick v. Peoria & Eastern R.R. Co.* (1967), 37 Ill. 2d 494, 510, 229 N.E.2d 504, 513-14, as follows:

> "In our judgment verdicts ought to be directed and judgments *n.o.v.* entered only in those cases in which all of the evidence, when viewed in its aspect most favorable to the opponent, so overwhelmingly favors movant that no contrary verdict based on that evidence could ever stand."

In the case before us, there was testimony by plaintiff or her husband that the Ben-Gay tube was on the floor out of its package; that there was an empty Ben-Gay packaging container nearby; that the tube had been crushed in such manner that its contents were forced out of the bottom; that the contents were spread on the floor over an area about one foot wide and three feet long; that the contents were described as being greasy and pasty; that there were five or six footprints extending out from the ointment; that the footprints were greasy; that packaged Ben-Gay was displayed on a low shelf next to the area of substance on the floor; and that the packages were stacked on the shelf in an upright position—that is, resting on the small end of the package which from the photographic exhibits appears to be about one-sixth the size of the long side.

There was also testimony that it was the practice of defendant to move the packages on the display shelf from the back to the front when stacking; that the porter who was responsible for the cleanliness of the aisles was not working at the time; and that certain of the clerks were supposed to have assumed that duty.

Defendant takes the position that this testimony was insufficient to create a factual question as to whether defendant should have known of the substance on the floor. It cites a number of cases which in our opinion do not support its position. In *Olinger v. Great Atlantic & Pacific Tea Co.*, there was no issue raised as to constructive notice and in each of the others there was little, if any, evidence of such notice. In *Wroblewski v. Hillman's, Inc.* (1963), 43 Ill. App. 2d 246, 193 N.E.2d 470, plaintiff slipped on a vegetable leaf on the floor of defendant's store. A directed verdict for defendant was affirmed on appeal because of the lack of evidence as to notice. The court stated:

> "[T]here is no evidence in the record as to the length of time the vegetable leaf had been in place prior to plaintiff's fall; no evidence that anyone observed it on the floor for any length of time prior to the fall; no evidence as to its condition before or after plaintiff slipped on it. Accordingly, there is no evidence from which a jury might infer that the vegetable leaf had been in place

for a sufficient length of time to charge defendant with constructive notice of its presence on the floor." (43 Ill. App. 2d 246, 249, 193 N.E.2d 470, 472.)

In *Wyman v. McLellan Stores Co.* (1943), 315 Mass. 117, 51 N.E.2d 969, plaintiff allegedly fell on a pea pod in defendant's store, which was described as flat, ragged, dark, and crushed. The court held that the appearance alone was insufficient to establish constructive notice. In *Kelleher v. Dini's, Inc.* (1954), 331 Mass. 217, 118 N.E.2d 77, the vegetable matter on which plaintiff slipped in defendant's restaurant was described as dirty, faded, and having the appearance of being stepped on. It was held that solely from such description it could not be inferred that the vegetable matter was on the floor for such a period of time that defendant should have known of it.

Neither do we view *Hresil v. Sears, Roebuck & Co.* (1980), 82 Ill. App. 3d 1000, 403 N.E.2d 678, to be controlling here. There plaintiff slipped on some "gob" in defendant's store which was described as looking like "someone spit on the floor, like it was phlegm." Plaintiff also testified that for prior to 10 minutes before her fall, no one had been in the area. The trial court directed a verdict for defendant and, in affirming, this court concluded the evidence was insufficient to charge defendant with constructive notice. The only evidence in that case concerning constructive notice was testimony as to the appearance of the "gob" and that no one had been in the area for over 10 minutes prior to plaintiff's fall. In the instant case, however, there is considerably more evidence of constructive notice, as will be discussed below.

It appears to us that the cases cited above and those cited by plaintiff point clearly to the fact that whether or not evidence is sufficient to establish constructive notice must be determined on a case to case basis. In this regard, we view the evidence here as tending to show that the Ben-Gay tube was at one time on the shelf in its package; that the packages were stacked in an upright position from which they could easily be knocked or brushed off the shelf; that the Ben-Gay in question either fell from the shelf, was accidentally knocked off or was taken off by someone and dropped to the floor; that the tube was either removed from the package before it reached the floor or was separated from its package on the floor by contact with someone's foot; that the tube was stepped on, causing its contents to be forced out of its bottom; that the contents were tracked over an area about one foot wide and three feet long by a person or persons walking through it; and that because of its description as being greasy or pasty, the content could not of itself spread over such an area.

It thus appears to us that from the time the Ben-Gay left the shelf and reached the floor until plaintiff's slip more than just a few minutes had elapsed. When this is considered with the fact that defendant's porter had

not worked that day and that there was no testimony that defendant had made any inspection of or had cleaned the area that day before plaintiff slipped, it is reasonably inferable that the tube was on the floor for a considerably longer time. While a close question is presented here as to the sufficiency of the notice, we are unable to say that the evidence, when viewed in its aspect most favorable to the plaintiff, so overwhelmingly favors defendant that no contrary verdict based on that evidence could ever stand. (*Pedrick v. Peoria & Eastern R.R. Co.*) Accordingly, we hold that the trial court did not err in denial of defendant's motions for directed verdict and judgment *n.o.v.*

We turn then to the contention of defendant that the court erred in granting plaintiff's motion to preclude it from impeaching plaintiff's husband concerning his knowledge of her subsequent fall in an A & P store. This motion was presented after plaintiff's testimony was completed and during which she testified to the fall and had been cross-examined at length concerning it. Defendant argues that in "granting plaintiff's Motion In Limine, the Trial Court prevented defendant's counsel from exploring the extent of plaintiff's injuries and incapacitation with the person who was closest to the plaintiff, namely her husband." However, neither the record nor the briefs of the parties informs us as to the specific questions and answers defendant intended to use for impeachment or was prevented from using and, because plaintiff testified in direct examination concerning her fall in the A & P store and was cross-examined at some length concerning it, it appears that the statement by plaintiff's husband may have been "irrelevant, immaterial and collateral to the issues" as contended by plaintiff and, in any event, from the record presented we are unable to say that the trial court improperly granted plaintiff's motion.

Another contention of defendant is that the trial court erred in the giving of two instructions concerning damages; namely, No. 19, which is Illinois Pattern Jury Instructions, Civil, No. 30.01 (2d ed. 1971) (IPI Civil), entitled "Measure of Damages—Personal and Property" and No. 20, which is IPI Civil No. 34.04, entitled "Mortality Tables as Evidence of Damage—Injury Cases." Defendant argues "[t]hese instructions specifically indicate that damages to be awarded must be 'proved by the evidence' and 'resulting from the negligence of the defendant.' The evidence clearly suggests that the plaintiff's injuries were caused by factors other than the alleged negligence of this defendant. Defendant was denied the opportunity to have adequate jury instructions given on its theory of the case * * *." We note, however, that defendant offered no modifications of instructions 19 and 20, nor did it tender any concerning "its theory of the case." Moreover, No. 19 limits the consideration of the jury to those elements of damage "proved by the evidence to have resulted from the negligence of the defendant," and No. 20 begins with the phrase "In the event that you find that plaintiff is entitled to damages

arising in the future * * *." It thus appears that the jury was properly informed that it was not to include in its award any damages not proved to have resulted from the negligence of the defendant, and we note also that in his closing argument defense counsel so informed the jury. Under the circumstances, we find no error in the giving of instructions 19 and 20.

Defendant also contends that the court improperly denied its motion *in limine* to preclude testimony of plaintiff's husband concerning the appearance of defendant's floor when he observed it 1 hour 20 minutes after plaintiff's slip. In his discovery deposition, plaintiff's husband stated that he went to the hospital with her and, when he returned to the store about 1 hour 20 minutes later to pick up their groceries, he observed a brown paper bag covering the place on the floor where his wife had slipped. He was permitted to repeat that testimony, over objection, at trial.

■■ Ordinarily, testimony based on post-event inspection is incompetent absent a showing that the conditions inspected were unchanged in the interim. (*Escher v. Norfolk & Western Ry. Co.* (1979), 77 Ill. App. 3d 967, 397 N.E.2d 9; *La Salle National Bank v. Feldman* (1966), 78 Ill. App. 2d 363, 223 N.E.2d 180; also see *Zindrick v. Drake* (1979), 75 Ill. App. 3d 702, 393 N.E.2d 1277; *Cheek v. Avco Lycoming Division* (1977), 56 Ill. App. 3d 217, 371 N.E.2d 994; *Champion v. Knasiak* (1974), 25 Ill. App. 3d 192, 323 N.E.2d 62.) The proponent need not show the existence of identical conditions, but rather that the essential conditions of the event are entire (see *Sanitary District v. Johnson* (1931), 343 Ill. 11, 174 N.E. 862; also see *Erickson v. Hospital Service Corp.* (1964), 52 Ill. App. 2d 464, 202 N.E.2d 147), and upon demonstrating the essential similarity of such conditions, evidence of post-event inspection is admissible (*Arras v. Columbia Quarry Co.* (1977), 52 Ill. App. 3d 560, 367 N.E.2d 580; *Gerrard v. Porcheddu* (1927), 243 Ill. App. 562; *Nixon v. City of Chicago* (1918), 212 Ill. App. 365).

■■ In the instant case, there was no evidence presented to show that the conditions in question were essentially unchanged in the interim between the time of plaintiff's slip and the return of her husband about 1 hour 20 minutes later. He testified only to his observation that the area of the accident was covered with brown paper bags, with nothing said as to what if anything might have been under the bags. In view thereof, we think that this testimony of plaintiff's husband should not have been admitted and not only should defendant's motion *in limine* have been allowed but also its objection to this testimony during trial should have been sustained.

However, a reviewing court will not find error to be reversible unless it is demonstrated that the error was substantially prejudicial and affected the outcome of the trial court. *County of Cook v. Patka* (1980), 85 Ill. App. 3d 5, 405 N.E.2d 1376; *Herman v. Hamblet* (1980), 81 Ill. App. 3d

1050, 401 N.E.2d 973; *Kyowski v. Burns* (1979), 70 Ill. App. 3d 1009, 388 N.E.2d 770.

The instant case presented a close question as to whether it could reasonably be inferred that the tube was on the floor for a sufficient period of time to charge defendant with constructive notice and, in view thereof, we think that the post-occurrence testimony of plaintiff's husband unfairly prejudiced defendant since the jury could reasonably have concluded that defendant was inattentive to proper maintenance and unreasonably delayed in removing conditions dangerous to its customers. Moreover, we believe that this testimony could have influenced the jury to believe that the Ben-Gay ointment was on the floor for a sufficient period of time prior to the occurrence to establish the necessary constructive notice. In its closing argument concerning defendant's negligence, plaintiff's counsel argued at length that it was defendant's duty to keep its floors clean at all times, and the testimony of plaintiff's husband as to the condition of the floor 1 hour 20 minutes after her slip strongly indicates that defendant was lax in meeting this duty. In the light thereof, we are of the opinion that plaintiff's husband's testimony concerning the condition of defendant's premises when he returned had a significant impact on the jury's finding and that defendant was substantially prejudiced thereby. Thus, we hold that the admission of this testimony was prejudicial error requiring a new trial.

For the reasons stated, the judgment is reversed, and this matter is remanded for a new trial.


Reversed and remanded.


LORENZ and MEJDA, JJ., concur.