JOSEPH NENDZA *et al.*, Plaintiffs-Appellants, *v.* THE BOARD OF REVIEW OF THE DEPARTMENT OF LABOR *et al.*, Defendants-Appellees.

First District (3rd Division)    No. 80-327

Opinion filed March 31, 1982.

Jeffrey Lawrence, of Bailey, Bradley & Lawrence, of Chicago, for appellants.

Tyrone C. Fahner, Attorney General, and Richard H. Schnadig and Thomas M. White, both of Vedder, Price, Kaufman & Kammholz, both of Chicago (Michael T. Prousis, Assistant Attorney General, and Marilyn P. Maledon, of counsel), for appellees.

JUSTICE McGILLICUDDY delivered the opinion of the court:

This is an appeal from an order of the circuit court of Cook County affirming the decision of the Board of Review of the Illinois Department of Labor (Department) which denied the plaintiffs certain unemployment compensation benefits for the period between August 2, 1975, and November 1, 1975.

On August 1, 1975, employees of the MGD Graphic Systems Division of Rockwell International Corporation (Rockwell) in Cicero, Illinois, voted to strike. Collective bargaining negotiations between Rockwell and the plaintiffs' union continued during the strike. On October 24, 1975, Rockwell announced its decision to close the plant.

Certain employees (other than the plaintiffs) filed for benefits under the Unemployment Compensation Act (Act) (Ill. Rev. Stat. 1975, ch. 48, par. 300 *et seq.*) within a few days of the commencement of the strike. These claims were initially denied by department claims adjudicators. The claimants appealed, and on April 20, 1977, the Director of Labor reversed the adjudicators' decisions. The Director found that the work stoppage was the result of a lockout, and not a result of a labor dispute, and that the claimants were entitled to benefits commencing on the date of the strike.

When the 79 plaintiffs in the instant case learned of the Director's decision, they immediately filed antedated claims for benefits commencing August 2, 1975. These claims were denied by department claims adjudicators. The plaintiffs appealed, and a referee conducted a consolidated hearing.

At the hearing Joseph Nendza testified on behalf of 63 claimants who allegedly were denied permission to file claims in August 1975. He stated that in August 1975 he went to the local unemployment office at 51st Street and Cicero Avenue to apply for benefits. Nendza was told by a department employee, a middle-aged white woman, that he could not file a claim because he was on strike.

George Stuit testified on behalf of certain other claimants who did not attempt to file for benefits because they had heard from fellow strikers that they were not eligible. Leonard Cumbo testified on behalf of those claimants who had filed for benefits but did not appeal the denial of their claims.

John Deifel, who at the time of the hearing was the manager of the local unemployment office located at 5101 South Cicero Avenue, Chicago, testified that it is the Department's policy to allow all individuals to file claims regardless of the reason for their unemployment. The determination of eligibility for benefits is made at the central office, not at the local offices.

Although Deifel was not assigned to the Cicero office in August 1975, he testified, over objection, that Nendza's description of the woman to whom he spoke applied to one of two employees. Deifel spoke to both women, and neither one would have refused to accept a claim for benefits. Deifel also testified that 100 to 150 Rockwell workers filed claims in August 1975.

Elizabeth Carter, a claims representative, testified that it was the Department's policy to instruct all claims examiners to take all claims. She also was not assigned to the Cicero office in August 1975.

In a decision dated April 25, 1978, the referee affirmed the denial of the plaintiff's claims because they were not timely filed. The referee relied on a department regulation which provides that a claim must be

filed within one year of the week of unemployment for which benefits are sought. The referee also found that the plaintiffs had not been denied permission to file their claims in August 1975.

On March 30, 1979, the Board of Review affirmed the decision of the referee. Plaintiffs filed a complaint for administrative review, and in a written order dated February 7, 1980, the trial court affirmed the decision of the Board of Review.

On appeal the plaintiffs contend (1) that the one-year limitation period deprives them of due process of law; (2) that the one-year limitation period commenced on the date the plaintiffs knew or should have known that they could successfully make a claim for benefits; and (3) that the Department is estopped from asserting the limitation period.

Pursuant to section 500B of the Act, an unemployed individual is eligible to receive benefits with respect to a week of unemployment only if the Director finds that he has made a claim for benefits with respect to that week in accordance with such regulations as the Director may prescribe. (Ill. Rev. Stat. 1977, ch. 48, par. 420B.) The pertinent regulations established by the Director are as follows:

"17B-5. Notwithstanding any other provision of this Regulation, no benefits or waiting period credit shall be allowed with respect to a week of unemployment unless the individual has filed a claim and reported with respect to such week within one year after the first day of such week."

"17F-Extended Antedation. When an individual files a claim or reports with respect to a week not later than one year after the first day of the week, such claim may be antedated to the first day of the week, or the individual may be deemed to have reported on his report day for the week, as the case may be, in any instance in which failure to file or report at an earlier time is established by the individual to be due to

1. The individual's unawareness of his rights under the Act, or

2. Failure either of the employing unit or of the Division of Unemployment Compensation to discharge its responsibilities or obligations under the Act or the Regulations, or

3. Any act of an employing unit in coercing, warning, or instructing the individual not to pursue his benefit rights, or

4. Circumstances beyond the individual's control,

provided that the individual files his claim or reports, as the case may be, either at his first available opportunity after the reason for failure to file or report no longer exists, or not more than fourteen days after the date of such first available opportunity."

Pursuant to the clear and unambiguous language of the regulations, the plaintiffs' claims are barred because they were not filed within one

year of the first day of their unemployment. The plaintiffs argue, however, that this one-year limitation on antedation is an arbitrary time period which deprives them of due process of law.

■■ We first note that any statute of limitation is, by definition, arbitrary. (*Chase Securities Corp. v. Donaldson* (1945), 325 U.S. 304, 89 L. Ed. 1628, 65 S. Ct. 1137.) However, the reasonableness of the limitation period must be judged in light of the circumstances confronting the Director and the ends which he sought to accomplish. (See *Anderson v. Wagner* (1979), 79 Ill. 2d 295, 402 N.E.2d 560, *appeal dismissed sub nom. Woodward v. Burnham City Hospital* (1980), 449 U.S. 807, 66 L. Ed. 2d 11, 101 S. Ct. 54.) In its decision in the instant case the Board of Review pointed out that prompt filings are necessary so that the Department can ascertain whether, with respect to a week of unemployment, the claimant met certain eligibility requirements such as availability, ability to work and an active search for work. We believe that the one-year limitation is reasonable and necessary for the orderly administration of the unemployment compensation system.

■■ The plaintiffs point out that more than 20 months had passed from the date of the strike to the date that the Director issued his decision concerning the eligibility for benefits of Rockwell employees. The plaintiffs assert that the regulations in effect barred their claims before they became aware of them. However, in *Anderson v. Wagner*, our supreme court stated that although such a result—a cause of action barred before its discovery—seems harsh and unfair, there is no due process violation if the limitation period is reasonable. As we have previously stated, the limitation in the instant case is reasonably related to the interests of the Department of Labor.

The plaintiffs next suggest that this court should apply the "discovery rule" articulated in *Rozny v. Marnul* (1969), 43 Ill. 2d 54, 250 N.E.2d 656, and hold that the one-year limitation period commenced on April 20, 1977, when the Director held that the work stoppage was the result of a lockout and not the result of a labor dispute. The plaintiffs contend that it was on this date that they knew or should have known that they could successfully make a claim for benefits.

In *Rozny* the plaintiffs brought an action for damages which resulted from an inaccurate survey prepared by the defendant. In determining from what date the statute of limitations should be computed, the supreme court stated:

> "The basic problem is one of balancing the increase in difficulty of proof which accompanies the passage of time against the hardship to the plaintiff who neither knows nor should have known of the existence of his right to sue. There are some actions in which the passage of time, from the instant when the facts giving rise to·

liability occurred, so greatly increases the problems of proof that it has been deemed necessary to bar plaintiffs who had not become aware of their rights of action within the statutory period as measured from the time such facts occurred. (See *Skinner v. Anderson*, 38 Ill. 2d 455, 458; *New Market Poultry Farms, Inc. v. Fellows*, 51 N.J. 419, 241 A.2d 633.) But where the passage of time does little to increase the problems of proof, the ends of justice are served by permitting plaintiff to sue within the statutory period computed from the time at which he knew or should have known of the existence of the right to sue." (43 Ill. 2d 54, 70, 250 N.E.2d 656, 664.)

The court determined that the plaintiffs' cause of action accrued when they knew or should have known of defendant's surveying error.

■■ Subsequently, our courts have applied the discovery rule in a variety of tort actions where the plaintiff did not learn of his injury until after the expiration of the pertinent limitation period. (See *Tom Olesker's Exciting World of Fashion, Inc. v. Dun & Bradstreet, Inc.* (1975), 61 Ill. 2d 129, 334 N.E.2d 160 (defamation); *Lipsey v. Michael Reese Hospital* (1970), 46 Ill. 2d 32, 262 N.E.2d 450 (medical malpractice); *Williams v. Brown Manufacturing Co.* (1970), 45 Ill. 2d 418, 261 N.E.2d 305 (products liability action); *Kohler v. Woollen, Brown & Hawkins* (1973), 15 Ill. App. 3d 455, 304 N.E.2d 677 (legal malpractice).) However, the instant case is clearly distinguishable from those cases in that the plaintiffs knew or should have known of their right *to file a claim* for unemployment benefits at the time of their unemployment in August 1975. What the plaintiffs discovered on the date of the Director's decision was that their claims for benefits would have been allowed. The discovery rule is not applicable to a situation where a plaintiff waits to file suit or a claim until he has some assurance that he will be successful on the merits of his claim.

Finally, the plaintiffs argue that because of the misconduct of the Department's employees in denying the plaintiffs' permission to file their claims, the Board is estopped from asserting the statute of limitation. Before we can evaluate the merits of the claim of estoppel, we must first determine whether the Board's conclusion that the plaintiffs were not denied permission to file their claims was against the manifest weight of the evidence.

■■ It is the responsibility of the administrative agency to weigh the evidence and to determine the credibility of the witnesses. (*Crowell v. Police Board* (1975), 32 Ill. App. 3d 552, 336 N.E.2d 573.) Pursuant to the Administrative Review Act, the findings and conclusions of the administrative agency on questions of fact are prima facie true and correct. (Ill. Rev. Stat. 1977, ch. 110, par. 274.) A reviewing court cannot reweigh the

evidence; its function is solely to ascertain whether the agency's decision is against the manifest weight of the evidence. *Schoenbeck v. Board of Fire & Police Commissioners* (1979), 69 Ill. App. 3d 366, 387 N.E.2d 738.

The plaintiffs' evidence presented at the hearing consisted of Nendza's testimony that an unidentified woman told him that he could not file a claim because he was on strike. The Department presented evidence that many other Rockwell employees did in fact file timely claims. It also established that it was the Department's policy to allow all individuals to file claims, regardless of the merits, in the local offices since the determination of eligibility is made at the central office.

■■ After reviewing the evidence, the Board concluded that the plaintiffs were not denied permission to file claims. In its decision, the Board explained its reasoning:

"In any event, even if we accepted the appellants' argument, we would have to note that a considerable number of their co-workers filed and maintained claims for benefits during the pertinent weeks involved in the appeal. The question arises why agency personnel would allow some claimants to file claims while denying the right to others whose circumstances were the same. Moreover, assuming *arguendo*, that certain claimants were informed that they would not be permitted to file claims and subsequently passed on the information to others who did not then bother to even attempt to file, it seems curious to us why this 'grapevine effect' did not occur as other members of the same group of workers were successful in pursuing their claims for benefits. The inescapable answer is that those individuals who did not file claims or who did not pursue their claims after having filed them, did not act on the basis of any information given them by agency personnel, but on their own beliefs that they would not be eligible, * * * or other members of their group who had this belief, to the extent that they placed no reliance upon the opinions of their co-workers who did file and pursue their claims."

We cannot say that such a conclusion was against the manifest weight of the evidence.

■■ The plaintiffs argue that the Board's decision was based on inadmissible evidence. They first object to the fact that at the hearing the referee admitted the hearsay testimony of Deifel that he spoke to the two employees who met Nendza's description and neither one would have refused to accept a claim. We agree that such testimony was hearsay and inadmissible in an administrative proceeding. (*Novicki v. Department of Finance* (1940), 373 Ill. 342, 26 N.E.2d 130; *Spaulding v. Howlett* (1978), 59 Ill. App. 3d 249, 375 N.E.2d 437.) However, because we believe that

this statement had minimal impact on the Board's decision, we believe the error was harmless. *Canales v. Dominick's Finer Foods, Inc.* (1981), 92 Ill. App. 3d 773, 416 N.E.2d 303.

■■ The plaintiffs also contend that the testimony concerning the Department's policy of accepting all claims at the local offices was incompetent. We disagree. The rule in Illinois is that proof of a regularly followed business routine is admissible provided there is some evidence that it was followed in the particular case. (*Goetz v. Country Mutual Insurance Co.* (1975), 28 Ill. App. 3d 154, 328 N.E.2d 109.) We believe that the Department did present some evidence that the policy was followed with respect to Rockwell employees. Deifel testified that in August 1975, 100 to 150 Rockwell employees were permitted to file claims. Thus, the evidence concerning the Department's policy was admissible.

■■ We conclude that the Board's finding that there was no misconduct by Department employees was supported by the evidence. Therefore, we reject plaintiffs' estoppel argument.

For the foregoing reasons, the judgment of the circuit court of Cook County is hereby affirmed.

Affirmed.

WHITE, P. J., and RIZZI, J., concur.