**Roger WEGER and Marilyn Weger, Plaintiffs–Appellants,**

v.

**SHELL OIL COMPANY, Ashland Oil Company, General Electric Company, et al., Defendants–Appellees.**

No. 91–2464.

United States Court of Appeals, Seventh Circuit.

Argued April 22, 1992.

Decided May 19, 1992.

Order Published June 4, 1992.*

Joseph A. Bartholomew, Harriet H. Hamilton, argued, Cook, Shevlin, Keefe, Ysursa,

* Pursuant to Circuit Rule 53, this opinion was originally issued as an unpublished order on May 19, 1992. Upon reconsideration, the panel issues this decision as an opinion.

Brauer & Bartholomew, Belleville, Ill., for plaintiffs-appellants.

Vincent H. Venker, II, Richard Cornfeld, Coburn, Croft & Putzell, St. Louis, Mo., for Shell Oil Co.

James W. Erwin, Paul J. Puricelli, Thompson & Mitchell, Belleville, Ill., Raymond L. Massey, Thompson & Mitchell, St. Louis, Mo., for Ashland Oil Co.

John C. Shepherd, Paul N. Venker, argued, Armstrong, Teasdale, Schlafly, Davis & Dicus, St. Louis, Mo., for General Elec. Co.

Vincent H. Venker, II, Richard Cornfeld, argued, Coburn, Croft & Putzell, St. Louis, Mo., for Union Carbide Corp.

Before BAUER, Chief Judge, MANION and KANNE, Circuit Judges.

PER CURIAM.

Plaintiffs-appellants Roger and Marilyn Weger appeal the district court's order granting summary judgment to all defendants-appellees in an action alleging negligence, strict product liability, and loss of consortium. Jurisdiction in the district court was based on diversity of citizenship of the various defendant corporations and alleged damages in excess of $50,000.

I. FACTS

Appellant Roger Weger was employed by Victor Dana Corporation for fourteen years as a shop steward and sheet metal operator before he was forced to leave his job due to severe kidney problems in December 1982. He suffered renal failure that same month and has received extensive medical treatment, including a kidney transplant. Mr. and Mrs. Weger initially filed this action on September 16, 1986 in the Circuit Court of Madison County, Illinois alleging that Mr. Weger's kidney problems were a result of inhalation of, and exposure to, certain chemicals and solvents produced by the defendants. Mrs. Weger also asked for damages as a result of loss of consortium.

The defendants were successful in their request for removal of the case to the district court based on diversity of citizenship. On May 19, 1989, after deposing Mr. and Mrs. Weger, the defendants moved for summary judgment based on the applicable two-year statute of limitations. The plaintiffs filed a motion to dismiss their complaint without prejudice, which was granted by the district court on June 27, 1989.

On March 28, 1990, the plaintiffs refiled the case in the district court.[1] The defendants again moved for summary judgment and, after an evidentiary hearing, the district court awarded summary judgment to all defendants. The district court found, as a matter of law and undisputed material fact, that the Wegers knew or reasonably should have known no later than July 30, 1984 that Roger Weger's injury may have been wrongfully caused by his exposure to chemicals at work. The claims were therefore barred by the statute of limitations.

The facts are undisputed and merit only a brief review to establish the key dates. Over several years Mr. Weger experienced daily dizziness, nausea, and burning of eyes, nose and throat which, according to deposition testimony, he related to exposure to chemicals. In December 1982 Mr. Weger suffered renal failure and the Wegers began to investigate the causation of Mr. Weger's kidney problems, asking their personal physician, as well as other doctors, about the possible link with chemical exposure. In November 1983 Mrs. Weger read an article in the International Association of Machinists and Aerospace Workers Journal on the long term negative health effects of exposure to solvents in the workplace.[2] After discussing the article with Mr. Weger, Mrs. Weger wrote to the author, George Robinson, stating "I feel solvents are directly related to his [Mr. Weg-

[1]. The running of the statute of limitations was tolled by the filing of the first suit and a plaintiff has a right to refile within one year of a voluntary dismissal. Ill.Rev.Stat. ch. 110 ¶ 13-217.

[2]. Mr. Weger testified in his 1988 deposition that he did not know the cause of his injury until November 1984 when his wife saw the article. The plaintiffs later acknowledged they saw the article in November 1983.

er's] medical problems." Mr. Robinson's response to Mrs. Weger on January 9, 1984 stated "I think because of the medical problems your husband has encountered that appear to be work related, it might be in your best interest to contact a physician who is familiar with industrial diseases in the Illinois area." Mr. Robinson then referred the Wegers to Dr. Samuel Epstein. On January 12, 1984 Mrs. Weger wrote to Dr. Epstein, explaining that her husband was exposed to chemicals at work. Dr. Epstein replied on July 30, 1984 and recommended "that you find yourself an experienced lawyer." In August 1984, the Wegers retained Attorney Robert Douglas, who filed a workers' compensation claim which declared, "As a result of exposure to chemicals, Petitioner has liver and kidney disease." On December 1, 1984, Attorney Douglas wrote the Wegers, confirming the decision not to pursue a third-party action, stating, "As you know, your statute runs in the middle of December. If you wish to get another opinion, feel free to do so, but your Statute runs in the middle of December...." Dr. David Main subsequently examined Mr. Weger and reported to Attorney Douglas on July 16, 1985 that it was not clear what caused Mr. Weger's glomerulonephritis and that association of the disease with chemicals was not "clear cut." The Wegers filed this suit on September 16, 1986.

## II. ANALYSIS

This court reviews *de novo* a district court's grant of summary judgment. *Pro-Eco, Inc. v. Board of Commissioners of Jay County, Indiana*, 956 F.2d 635, 637 (7th Cir.1992). Summary judgment is appropriate if, after drawing all reasonable inferences in favor of the non-moving party, the court concludes there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Juarez v. Ameritech Mobile Communications, Inc.*, 957 F.2d 317, 320 (7th Cir.1992).

The parties agree that this action is governed by a two-year statute of limitations. Ill.Rev.Stat. ch. 110 ¶ 13–213(d).

The statute allows a claim "within two years after the date on which the claimant knew, or through the use of reasonable diligence should have known, of the existence of the personal injury...." A loss of consortium claim must also be commenced within the same period. Ill.Rev.Stat. ch. 110 ¶ 13–203. The two year discovery rule of ¶ 13–213(d) applies only to those injuries which are not immediately discoverable. *American Family Ins. Co. v. Village Pontiac-GMC, Inc.*, 182 Ill.App.3d 385, 131 Ill. Dec. 484, 486–87, 538 N.E.2d 859, 861–62 (1989). This discovery rule has been interpreted by the Illinois Supreme Court to mean that the limitations period begins to run when a person knows or reasonably should know of the injury and also knows or reasonably should know that the injury was wrongfully caused. *Curry v. A.H. Robins Co.*, 775 F.2d 212, 216 (7th Cir.1985) (citing *Witherell v. Weimer*, 85 Ill.2d 146, 52 Ill.Dec. 6, 11, 421 N.E.2d 869, 874 (1981)). This does not require that the plaintiff have actual knowledge of liability, but that once a plaintiff reasonably should know that an injury was wrongfully caused, the burden then rests on the plaintiff to inquire further as to the existence of a cause of action. *Witherell*, 52 Ill.Dec. at 11, 421 N.E.2d at 874. This realization that someone might be legally responsible for the injury thus triggers the limitations period. *Curry*, 775 F.2d at 216 (citing *Witherell*, 52 Ill.Dec. at 11, 421 N.E.2d at 874); *Knox College v. Celotex Corp.*, 88 Ill.2d 407, 58 Ill.Dec. 725, 729–30, 430 N.E.2d 976, 980–81 (1981). *See also United States v. Kubrick*, 444 U.S. 111, 123, 100 S.Ct. 352, 360, 62 L.Ed.2d 259 (1979) (accrual of cause of action under Federal Tort Claims Act does not await awareness that injury was negligently inflicted, nor does it await acquisition of knowledge that would alert reasonable person to suspect that a legal duty had been breached). When a defendant raises the affirmative defense of the statute of limitations, the burden is on the plaintiff to prove that the claim has been filed within the limitations period. *Ruklick v. Julius Schmid, Inc.*, 169 Ill.App.3d 1098, 120 Ill.Dec. 297, 303, 523 N.E.2d 1208, 1214 (1988).

■ The Weger's first argue that a question of fact remains—whether they had a mere suspicion or a reasonable belief that Mr. Weger's injury might have been wrongfully caused—and that summary judgment was therefore inappropriate. Claiming that their personal belief is objectively unreasonable and is therefore irrelevant to a reasonableness inquiry, the Wegers point to the letter from Dr. Main on July 16, 1985 as the event which transformed their suspicion into reasonable belief.

The defendants respond, in concert, that the Wegers not only had a reasonable belief which would cause a reasonable person to further inquire into the existence of a cause of action, but that the Wegers actually did inquire as early as November 1983 and retained an attorney in August 1984 for that very purpose. Relying only on the Wegers' own testimony, documents and complaint, the defendants-appellees insist there exist no issues of material fact suitable for consideration by a jury.

The legal inquiry is whether a reasonable person would know, or should know, that an injury might be wrongfully caused under these circumstances. It is apparent that the Wegers understood that someone might be legally responsible for Mr. Weger's kidney condition and that they believed that exposure to chemicals at Victor Dana caused that injury. Mrs. Weger expressed that belief in a letter to Robinson, which he, in turn, confirmed. They were advised to contact a lawyer to pursue the matter and did so, showing that they possessed sufficient information that caused them to inquire further.

■ The limitations period will not await commencement until a plaintiff has assurance of the success of an action. *Nendza v. Board of Review*, 105 Ill.App.3d 437, 61 Ill.Dec. 317, 321, 434 N.E.2d 470, 474 (1982). The statute of limitations is also not tolled while a plaintiff seeks expert witnesses to support a claim. *Beasley v. Abusief*, 146 Ill.App.3d 54, 99 Ill.Dec. 826, 830–31, 496 N.E.2d 519, 523–24 (1986); *Kruk v. Birk*, 168 Ill.App.3d 949, 119 Ill. Dec. 625, 632, 523 N.E.2d 93, 100 (1988).

Here, the Wegers sought and received confirmation of their belief from two sources. Evidence of that belief is contained in Mr. Weger's workers' compensation claim, filed on October 10, 1984, stating that exposure to chemicals caused his liver and kidney disease. Nothing occurred between July 30, 1984 and October 10, 1984 to affect this knowledge indicating that the belief that the injuries were wrongfully caused existed in July 1984. The causal connection between chemical exposure and renal failure is still debated and confirmation of that connection was not required to trigger the limitations period.

■ The Wegers also argue that they should not lose their remedies because they relied on an attorney's valid advice regarding the merits of their claim. Recounting the equities in their favor, they insist they did all they could do to discover the cause of Mr. Weger's injury and that they pursued a legal remedy at the proper time.

Professional advice by an attorney, even incompetent advice, does not toll the statute of limitations. *Kubrick*, 444 U.S. at 125, 100 S.Ct. at 360–61; *Witherell*, 52 Ill.Dec. at 12, 421 N.E.2d at 875. As a result, the statute of limitations may render a valid claim unenforceable. Illinois courts do not require that the plaintiff confirm a defendant's negligent conduct before the limitations period may begin. *Nendza*, 61 Ill.Dec. at 321, 434 N.E.2d at 474; *Knox*, 58 Ill.Dec. at 729, 430 N.E.2d at 980. Attorney Douglas' advice did not alter the limitations period.

### III. CONCLUSION

Where it is apparent from undisputed facts that only one conclusion can be drawn, that question is one for the court. The district court's grant of summary judgment is

AFFIRMED.