31 July 2000

No. 2--99--0265

________________________________________________________________

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

________________________________________________________________

THE PEOPLE OF THE STATE ) Appeal from the Circuit Court

OF ILLINOIS, ) of Du Page County.

)

Plaintiff-Appellee, ) No. 94--CF--1862 

                                )                   

v. )

)

LEN BURRIS,        ) Honorable

) Ann Brackley Jorgensen,

Defendant-Appellant. ) Judge, Presiding.

________________________________________________________________

JUSTICE COLWELL delivered the opinion of the court:

Defendant, Len Burris, appeals the circuit court's order that dismissed as untimely his postconviction petition.  Defendant contends that the petition demonstrates that the late filing was not due to his culpable negligence.

Defendant was convicted following a jury trial of unlawful possession of cannabis with intent to deliver (720 ILCS 550/5(d) (West 1998)) and unlawful production of cannabis sativa plants (720 ILCS 550/8(b) (West 1998)).  Lawrence Tankus represented defendant during pretrial proceedings and at trial.  On August 24, 1995, the court sentenced defendant to 24 months' probation.

The State filed a petition to revoke defendant's probation and apparently his probation was extended.  On October 1, 1998, the State filed a second petition to revoke probation, alleging that defendant had been charged with unlawful possession of cannabis.  On October 9, 1998, while represented by new counsel, defendant 
filed a postconviction petition alleging that he received the ineffective assistance of counsel at trial.

The petition alleges that Tankus ineffectively presented defendant's motion to quash his arrest and suppress evidence, did not thoroughly cross-examine a key prosecution witness, failed to present evidence that would have corroborated defendant's testimony that he did not reside at the apartment where the cannabis plants were found, presented an ineffective and unprofessional closing argument, and failed to file a notice of appeal despite defendant's request that he do so.  The petition acknowledges that it was not filed within the three-year statute of limitations but alleges that defendant was not culpably negligent in failing to timely file.  According to the petition, defendant had learned only two months before that Tankus was using heroin at the time of defendant's trial and conducted the trial under the influence of the drug.  Attached to the petition is a report from the Attorney Registration and Disciplinary Commission (ARDC) detailing Tankus's drug use and recommending to the supreme court that he be disbarred.

After defendant filed his petition, the State withdrew its petition to revoke probation and defendant's probation was terminated.  The State then moved to dismiss defendant's petition, contending that the court lacked jurisdiction because defendant was no longer serving his sentence.  At the hearing, however, the State argued only that the petition was not filed within the limitations period and defendant's allegations did not establish that he was not culpably negligent.  The trial court agreed and dismissed the petition.  The State argued, and the court held, that defendant was aware of the substantive allegations comprising his ineffective assistance claim at the time of trial or shortly thereafter, and the fact that Tankus's conduct was the result of heroin use was simply irrelevant to whether he provided ineffective assistance.  Therefore, the receipt of the ARDC report did not excuse the late filing.  Defendant filed a timely notice of appeal.

Defendant claims that he was not culpably negligent for filing his petition late because he only learned of Tankus's heroin usage approximately two months earlier when he received the ARDC report.  In response, the State renews its argument that defendant knew at the time of trial of Tankus's alleged deficiencies and the precise reason for Tankus's conduct is irrelevant.  We agree.

The Post-Conviction Hearing Act provides that a petition thereunder must be filed, at the latest, within three years from the date of conviction "unless the petitioner alleges facts showing that the delay was not due to his or her culpable negligence."  725 ILCS 5/122--1 (West 1998).  The three-year filing period is a statute of limitations.  
People v. Wright
, 189 Ill. 2d 1, 8 (1999).

Freedom from culpable negligence is very difficult to establish. 
 
People v. Perry
, 293 Ill. App. 3d 113, 115 (1997); see  
People v. Montgomery
, 45 Ill. 2d 94 (1970); 
People v. Diefenbaugh
, 40 Ill. 2d 73 (1968).  Erroneous advice from appellate counsel (
People v. Lee
, 292 Ill. App. 3d 941, 943 (1997)) and from prison officials (
Perry
, 293 Ill. App. 3d at 116) and the lack of access to a law library because the prison was on lockdown (
People v. Mitchell
, 296 Ill. App. 3d 930, 933 (1998); 
People v. McClain
, 292 Ill. App. 3d 185, 188-89 (1997)) have been held not to excuse late filings.

Here, defendant claims his late filing is excused because he did not know until August 1998 that Tankus was under the influence of heroin during defendant's trial.  Quite simply, this fact does not form any part of defendant's claim.  Defendant fails to cite to any provision of the constitution that guarantees him the right to drug-free counsel.  Rather, the constitutional right defendant claims was violated is the right to the effective assistance of counsel.  The petition's allegations make it very clear that defendant knew in 1995 the facts that he now claims show that Tankus was ineffective.

A claim of ineffective assistance of counsel has two elements.  
A defendant must show that (1) his attorney's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  
Strickland v. Washington
, 466 U.S. 668, 694, 80 L. Ed. 2d 674, 698, 104 S. Ct. 2052, 2068 (1984).
  That counsel was using alcohol or drugs at the time of defendant's trial does not establish 
per se
 ineffective assistance.  See 
People v. White
, 180 Ill. App. 3d 781, 791 (1989) (allegation that counsel's breath smelled strongly of alcohol during trial did not establish ineffective assistance in the absence of prejudice).

Defendant's verified petition states:

"During the presentation of motions to quash, Tankus was performing under an obvious influence of heroin. *** Burris and others in the courtroom noticed that Attorney Tankus stumbled and staggered as he walked and that his clothes were extremely disheveled.  His hair was messy and his face had a chalky color to it."

The petition further alleges as follows:

"Although Burris noticed Attorney Tankus appeared to be in a drug-induced stupor, he did not perceive that the stupor was caused by the continual use of heroin."

The petition further alleges as follows:

"Each morning Burris, who was twenty years old, had to pick up Tankus at his home and drive him to court because, as Tankus complained, he felt faint and could not drive himself.  Burris, and all jurors, noticed and were aware of Tankus' wrinkled and stained suit, his messy hair, and ghostlike facial features.  Furthermore, Tankus' speech was slurred and at times barely audible."

Finally, the petition alleges that Tankus failed to file a notice of appeal although defendant specifically instructed him to and gave him money to cover filing fees.  Two months later, after learning from his probation officer that no notice of appeal had been filed, defendant called Tankus and asked for an explanation.  Tankus said that he had forgotten about filing the appeal but would "make things right."  Several months later, defendant learned that Tankus had "totally abandoned him," not taking any further action on the appeal.  Tankus explained that he had "gotten lost" for several months after defendant's sentencing.

These allegations clearly show that defendant was aware 
while the trial was in progress
 that Tankus appeared disheveled, slurred his speech, was unable even to drive himself to court, and appeared to be in "a drug-induced stupor."  The only fact defendant learned later was that Tankus's "stupor" was caused specifically by heroin, as opposed to some other drug or a mental illness.  Moreover, defendant was aware, at least within "a few months" of sentencing, that Tankus had failed to file a notice of appeal.  Whether that failure occurred because, as defendant alleges, Tankus was on a heroin binge or because, as Tankus said, he simply forgot is irrelevant.  Clearly, defendant could have proceeded with his ineffective-assistance claim without knowing the particular substance to which Tankus was addicted.

Even if the information in the ARDC report were somehow critical to defendant's claim, the petition alleges that he received this information two months before the petition was filed, or early in August 1998.  The report attached to the petition is dated May 27, 1998.  Defendant was sentenced August 25, 1995.  Thus, even after receiving the ARDC report, defendant had a reasonable time to file his petition before the statute of limitations expired.  The petition appears to have been filed in response to the State's petition to revoke probation rather than on the basis of anything in the ARDC report.  The trial court did not err in finding that defendant failed to establish his lack of culpable negligence.

Defendant also appears to argue that the alleged violations of his rights are so egregious that we should simply disregard the statute of limitations and consider them on the merits.  A statute of limitations is by definition an arbitrary period after which all claims, including some meritorious ones, will be cut off.  
Chase Securities Corp. v. Donaldson
, 325 U.S. 304, 314, 89 L. Ed. 1628, 1635, 65 S. Ct. 1137, 1142 (1945); 
Nendza v. Board of Review of the Department of Labor
, 105 Ill. App. 3d 437, 441 (1982).  However, the need to avoid stale claims and bring actions to trial before the witnesses' memories have faded and evidence becomes unavailable sometimes outweigh the rights of the party bringing the action.  
Golla v. General Motors Corp.
, 167 Ill. 2d 353, 370 (1995); 
Tom Olesker's Exciting World of Fashion, Inc. v. Dun & Bradstreet, Inc.
, 61 Ill. 2d 129, 132 (1975).  A statute of limitations mandating the dismissal only of actions that plainly lacked merit would be pointless.

Defendant concedes that his petition was not filed within the three-year statute of limitations.  He cites no case holding that the limitations period may be disregarded if the allegations are sufficiently serious.  In the absence of any such authority, we are not free to disregard the plain language of the statute.

The judgment of the circuit court of Du Page County is affirmed.

Affirmed.

INGLIS and RAPP, JJ., concur.