ANTHONY M. SPAULDING, Plaintiff-Appellee, *v.* MICHAEL J. HOWLETT, Secretary of State, Defendant-Appellant.

First District (2nd Division)    No. 76-1662

Opinion filed April 11, 1978.

William J. Scott, Attorney General, of Chicago (Stephen R. Swofford, Assistant Attorney General, of counsel), for appellant.

Robert P. Burns, Alan M. Freedman, and Allen L. Ray, all of Chicago, for appellee.

Mr. JUSTICE BROWN delivered the opinion of the court:

Plaintiff, Anthony M. Spaulding, brought this action pursuant to the Administrative Review Act (Ill. Rev. Stat. 1975, ch. 110, par. 264 *et seq.*) seeking to review the decision of the defendant, Secretary of State, temporarily suspending his driver's license, driving privileges, motor vehicle plates, and motor vehicle registration. The circuit court reversed that decision on the ground that the Secretary's decision was against the manifest weight of the evidence, and it is from this order that the defendant Secretary appeals. We affirm.

The plaintiff-appellee, Anthony M. Spaulding, a licensed motor vehicle operator, was involved in an automobile accident on November 22, 1974. The plaintiff and the owner of the other car, John Williams, filed motor vehicle accident reports with the Department of Transportation. These

reports are required to be filed when damage to the property of any one person involved in a traffic accident is in excess of $100. (Ill. Rev. Stat. 1975, ch. 95½, par. 11—406.) Spaulding did not answer the question on his report regarding the status of his insurance coverage.

Pursuant to the safety responsibility law (Ill. Rev. Stat. 1975, ch. 95½, par. 7—201), the Department of Transportation made an initial determination, based on these reports, that a deposit of security in the amount of $450 or evidence of insurance was required from Spaulding. After notifying Spaulding and receiving no response, the Department certified the matter to the defendant Secretary of State. The Secretary then made a preliminary finding that there was a "reasonable possibility" of a civil judgment being entered against Spaulding as a result of the accident, and ordered that a formal hearing be held to determine whether an order of suspension of his driving and registration privileges should be entered. Ill. Rev. Stat. 1975, ch. 95½, par. 7—205.

The hearing was held on October 8, 1975. All interested parties received written notice. Anthony Spaulding appeared and was represented by counsel, but neither John Williams nor his wife, the actual driver of the other vehicle, appeared.

At the hearing, the hearing officer could not go forward with the hearing until it was determined whether or not Spaulding had insurance on the date of the accident. Spaulding's attorney admitted that he did not. The accident report of John Williams was then admitted into evidence over Spaulding's objection that the report was hearsay. Spaulding's accident report was not offered. The hearing officer treated the facts reflected in Williams' report as establishing a prima facie case. Spaulding did not attempt to rebut the document by testifying or by offering any evidence in his own behalf.

Thereafter, the hearing officer, after finding that there existed a reasonable possibility that a judgment in money damages, may be entered against Spaulding as a result of the accident, suspended Spaulding's driving and automobile registration privileges. Spaulding then deposited the required security of $450, in order to retain his license.

On November 12, 1975, the plaintiff filed his complaint for administrative review. On September 16, 1976, the circuit court reversed the decision of the Secretary of State on the ground that the decision was against the manifest weight of the evidence. Specifically, the court held that Williams' accident report was admissible as evidence, but was inadequate to support the Secretary's prima facie case. The sole issue on appeal is whether the motor vehicle accident report of an absent third party, standing alone, is sufficient evidence in a safety responsibility hearing to support a prima facie case that there exists a "reasonable

possibility" of a civil judgment for damages being entered against an uninsured motorist.

OPINION

■■ Where an administrative order is contrary to the manifest weight of the evidence, it is the duty of the reviewing court to affirm the action of the trial court in setting it aside. (*Russell v. License Appeal Com.* (1st Dist. 1971), 133 Ill. App. 2d 594, 273 N.E.2d 650.) The entire record must be considered in order to determine whether the trial court correctly found that the administrative order was against the manifest weight of the evidence. *Gasparas v. Leack* (1st Dist. 1968), 93 Ill. App. 2d 99, 235 N.E.2d 359.

The only evidence presented at the hearing which could give rise to a prima facie case against Spaulding, was Williams' accident report. Defendant concedes that the report was hearsay. The report indicated that an automobile owned and operated by Spaulding made a right turn against the light and struck an automobile owned by Williams, but operated by his wife, which was proceeding through the intersection on a green light. The report also indicated that the approximate cost to repair Williams' automobile, a 1965 Ford, was $450.

The general rule is that hearsay is inadmissible in an administrative hearing. (*Novicki v. Department of Finance* (1940), 373 Ill. 342, 26 N.E.2d 130; *Russell v. License Appeal Com.* (1st Dist. 1971), 133 Ill. App. 2d 594, 273 N.E.2d 650.) Defendant argues that a hearing under the safety responsibility law is distinct from other administrative hearings in Illinois. The scope of the hearing, both in terms of the factual determination made and the action taken on this determination, is very limited. The factual inquiry is confined to the question of whether there is a "reasonable possibility" of a civil judgment being entered. No ultimate determination of liability is made and the finding of a "reasonable possibility" cannot be used as evidence in any other proceeding. (Ill. Rev. Stat. 1975, ch. 95½, par. 7—215.) Defendant maintains that enough evidence was presented at the hearing to establish a prima facie case against Spaulding.

■■ Although the rules and regulations of the safety responsibility law specifically provide that the Secretary may introduce accident reports into evidence at the hearing (Rule 7—101(4)(c)), the legislature did not intend by this section to allow hearsay evidence to be the sole basis for the Secretary of State's determination that there was a reasonable possibility of a judgment being entered. The rule against hearsay is basic and fundamental and not merely a technical rule of evidence. *Russell v. License Appeal Com.* (1st Dist. 1971), 133 Ill. App. 2d 594, 273 N.E.2d 650.

It is apparent that the legislature contemplated that this hearing would encompass more than a threshold inquiry into whether or not a respondent was financially responsible. Rule 7—101(5) enumerates the issues to be considered at a safety responsibility hearing:

"(a) The identity of the driver(s) involved in the accident;

(b) The identity of the owner(s) of the vehicle(s) involved in the accident;

(c) The nature and extent of the property damage or bodily injury sustained in the accident upon which the amount of the security deposit is based;

(d) The determination whether there is a reasonable possibility of a judgment in excess of the statutory minimum being rendered against the respondent. Should it be so determined a prima facie case shall be deemed established. * * *"

In addition, the rules also provide that the uninsured driver has the right "to the issuance of subpoenas," "to call and examine witnesses," "to introduce exhibits," "to cross-examine witnesses," and "to obtain in advance * * * all copies of police reports not designated confidential by state law." (Rule 7—101(3).) Clearly, the legislature intended to provide respondent with a meaningful hearing and a valid inquiry into the issues. This cannot be accomplished when the sole evidence consists of an unsworn report prepared by a person who is not present and cannot be cross-examined or impeached.

Defendant argues that although Williams' report is hearsay, it is enough to establish a prima facie case since this particular form of hearsay would be included as an exception to the rule excluding hearsay. Defendant cites *Chambers v. Mississippi* (1973), 410 U.S. 284, 35 L. Ed. 2d 297, 93 S. Ct. 1038, for the proposition that hearsay statements "made under circumstances that tend to assure reliability and thereby compensate for the absence of the oath and opportunity for cross-examination," are often admitted into evidence. Accident reports have been legislatively promulgated to insure their reliability. Section 11—409 of the Illinois Vehicle Code (Ill. Rev. Stat. 1975, ch. 95½, par. 11—409) provides:

"Any person who provides information in an oral or written report required by this Article with knowledge or reason to believe that such information is false shall be guilty of a Class A misdemeanor."

Thus, defendant argues, it can readily be seen that the report in issue here has support for its reliability because a specific penalty is provided for falsifying the report.

Despite the fact that the legislature has imposed a penalty for providing false information, this sanction fails to assure the reliability of the accident report since the relevant questions call for opinion and conjecture as to

how the accident occurred and the extent of damages. Furthermore, the "circumstances that tend to assure reliability" in *Chambers* are not present in this case. Specifically, that court held that those hearsay statements fell within the spontaneous utterance exception, whereas Williams apparently filled out his accident report 14 days after the accident. Additionally, the statements in *Chambers* were found to be admissions against interest, also not a condition found here. Finally, the sheer number of independent statements in *Chambers* provided additional corroboration for each individual statement. In the instant case, there is absolutely nothing else in the record to corroborate the representations contained in the accident report prepared by Williams.[1]

Defendant also argues that the procedures employed at a safety responsibility hearing are analogous to those used under the Retailers' Occupation Tax Act. There, a corrected tax return is admissible against a taxpayer at a hearing, and is presumed to be prima facie evidence of the amount of tax due. (Ill. Rev. Stat. 1975, ch. 120, par. 443.) The taxpayer may overcome the Department's case by introducing his books and records, supported by his own testimony. (*Quincy Trading Post, Inc. v. Department of Revenue* (4th Dist. 1973), 12 Ill. App. 3d 725, 298 N.E.2d 789.) Defendant argues that the same procedures should apply here.

This argument is also not persuasive. The difference between the procedures under the Retailers' Occupation Tax Act and those under the safety responsibility law is that under the former, there is a statutory presumption that corrected tax returns are prima facie correct. (Ill. Rev. Stat. 1975, ch. 120, par. 443.) The only time a prima facie case arises under the safety responsibility law is when the hearing officer, after considering the evidence, makes a determination there is a reasonable possibility of a judgment in excess of the statutory minimum ($250) being rendered against the respondent. Should it be so determined, a prima facie case shall be deemed established. (Rule 7—101(5)(d).) Nowhere does it provide that the accident reports themselves constitute a prima facie case.

In conclusion, it is our opinion that there was insufficient evidence produced by the Secretary at the safety responsibility hearing to sustain a prima facie case. Accordingly, the order of the circuit court of Cook County reversing the decision of the Secretary is affirmed.

In passing we should also note that the rules and procedures of the safety responsibility law are adequate and sufficient to protect the rights of the uninsured motorists. The record discloses that plaintiff was adequately informed as to the time, place and nature of the hearing, and was given an opportunity to present evidence in his own behalf. It is clear that he was afforded due process of law. *Bell v. Burson* (1971), 402 U.S.

---

[1] Spaulding's accident report, which was not introduced at the hearing, would have provided some corroboration for Williams' version of how the accident occurred.

535, 29 L. Ed. 2d 90, 91 S. Ct. 1586; *Rentra Liquor Dealers, Inc. v. Department of Revenue* (1st Dist. 1973), 9 Ill. App. 3d 1063, 293 N.E.2d 388.

Affirmed.

STAMOS, P. J., and PERLIN, J., concur.