ELSA BAEHR, Plaintiff-Appellee, *v.* THE HEALTH AND HOSPITAL GOVERNING COMMISSION OF COOK COUNTY *et al.*, Defendants-Appellants.

First District (1st Division)    No. 79-1370

Opinion filed June 23, 1980.

William P. Tuggle, Joan M. Pucillo, and Frank J. Oles, all of Health & Hospital Governing Commission, of Chicago, for appellants.

John J. Muldoon, of Chicago, for appellee.

Mr. JUSTICE CAMPBELL delivered the opinion of the court:

The defendants appeal from a reversal by the circuit court of an administrative order terminating the employment of plaintiff, Elsa Baehr, as a clinical psychologist with the Health and Hospital Governing Commission (Commission).[1] Defendants contend on appeal that the administrative decision was supported by the manifest weight of the evidence, and consequently, the circuit court erred in concluding otherwise.

---

[1] During the pendency of this appeal, the Illinois Legislature abolished the Health and Hospital Governing Commission and replaced it with the Board of Commissioners of Cook County (Ill. Rev. Stat. 1979, ch. 34, par. 5011 *et seq.*). Consequently, the real party in interest as to defendants is the Board of Commissioners. For this reason, the Board of Commissioners of Cook County is substituted as a defendant-appellant in this case, and the appeal will proceed under that designation. Ill. Rev. Stat. 1979, ch. 110A, par. 366(a)(2).

In 1974, plaintiff was employed as a clinical psychologist III in the psychiatric department at Cook County Hospital. In March 1978, plaintiff was asked by her supervisor to transfer from her position at Cook County Hospital to a similar position with the Commission. Both the hospital and the Commission were affiliated. Plaintiff's transfer to the Commission became effective on March 30, 1978. On April 4, 1978, she received a notice of layoff, effective April 25, 1978. Prior to the aforesaid transfer, plaintiff had gained seniority over other clinical psychologists III in her department at Cook County Hospital. However, because of her transfer to the Commission, plaintiff had the least seniority in that department.

After the layoff of April 25, 1978, plaintiff requested and was granted a hearing before a hearing officer appointed by defendants. Following this hearing, the aforementioned layoff was upheld and plaintiff petitioned the circuit court of Cook County, pursuant to a petition for *certiorari*, to review the proceedings. After a hearing on October 3, 1978, plaintiff was reinstated by the court to her position as clinical psychologist III, effective October 23, 1978. Plaintiff continued to fill that position until December 6, 1978, at which time she received a second layoff notice. After a hearing before a hearing officer and that officer's decision affirming the second layoff, plaintiff once again filed a petition for *certiorari*. After a hearing, the court again ordered plaintiff reinstated. It is from that second ruling that this appeal has been taken.

The second hearing before the Commission took place on January 25, 1979. Plaintiff testified that she was asked by her superiors to transfer from the department of psychiatry to the department of education with the Commission; that, prior to accepting this transfer, no one told her that the job she was going to accept was going to be abolished; that no one indicated that the position she was accepting was going to be a short-term position; and that, after being ordered back to work by the court on October 3, 1978, she was assigned no duties up until the time she received the second layoff notification.

Defendants' evidence at this hearing consisted solely of nine exhibits, which defense counsel stated were business records. A secretary from the Commission was called as a witness for defendants and testified that these records were taken from plaintiff's employment file and that they were in the same condition as when they were removed from that file. Plaintiff's counsel objected to those items being admitted into evidence on the basis that they were hearsay and secondary evidence. However, this objection was overruled by the hearing officer and they then were admitted.

Among these exhibits were three letters which are particularly relevant to this appeal. The first letter is dated October 27, 1978, and is from Richard L. Smith, who was identified as associate director for

education; it is addressed to James G. Haughton, who was identified as executive director of the Commission. It states:

> "This is a request for consideration of layoff of Dr. Elsa Baehr, Psychologist III, in the Basic Nursing Program of the Department of Education, HHGC. The budgetary status of the Commission has required a reduction of staff affecting the entire Department of Education.
>
> In addition, the intent to close the Cook County School of Nursing and the resultant phaseout renders this position completely expendable. Dr. Baehr has least seniority within the Psychological Section."

The second letter is also dated October 27, 1978, and it is from James G. Haughton to Richard Smith. It states:

> "Dick—as you know, we have been court-ordered to return Ms. Baehr to work because the record did not provide evidence that we had abided by our procedures. This does not, however, change the fact that her services are not needed and she is, in effect, a supernumerary employee. Accordingly, immediately upon her reinstatement, initiate new layoff proceedings. Be sure to consult with both Messrs. Krei and Tuggle to assure that our procedure is followed to the letter."

The third letter is dated October 31, 1978, and it is from Richard W. Krei to James G. Haughton. It states:

> "After review of the staff reduction and the intended closing of the Cook County School of Nursing, I approve the layoff as requested for Dr. Baehr."

Defendants' resolution No. 78-HHGC-195 is also relevant to this appeal. It states in part:

> "3.10 Procedure:
> 3.11 Layoff Authorization
> 3.111 Requests for layoff will be processed as specified below:
> a) The Facility Personnel Director will recommend layoff to the Facility Director.
> b) The Facility Director will approve or deny the request. If approved, the Facility Director will forward his recommendation to the Associate Director for Industrial Relations.
> c) The Associate Director for Industrial Relations will review the layoff recommendation for policy compliance and forward to the Executive Director.

> d) The Executive Director will authorize or deny the layoff."[2]

Defendants point out that Dr. James G. Haughton was both facility director and executive director of the Commission and that Richard Krei was facility personnel director and also associate director for industrial relations. Defendants contend that the regulations would require the facility personnel director, Richard Krei, to recommend a layoff to the facility director of the Commission, Dr. Haughton, who would then refer it back to Richard Krei as the associate director for industrial relations; Krei would then forward it back to Dr. Haughton as the executive director of the Commission. Defendants maintain that this was done as evidenced by the three above-cited letters. They pointed out that on October 27, 1978, correspondence had passed between Dr. Haughton as executive director and Dr. Richard Smith as head of the Department of Education concerning the status of Dr. Baehr. On October 31, 1978, Richard Krei directed a memorandum to Dr. Haughton which had the effect of initiating the layoff as requested for Dr. Baehr. The layoff was then effectuated as of December 6, 1978, after is was approved by Dr. Haughton as executive director.

Defendants admit that the circuit court found that the layoff was initiated by either Dr. Haughton or Dr. Smith and was, therefore, contrary to the aforementioned procedure. Defendants further do not dispute the fact that the discussions were held, concerning Dr. Baehr and her future with the Commission, but they maintain that such discussions must take place prior to the actual initiation of a layoff and that such discussions, whether in oral or written form, do not constitute any part of the required written procedures mandated by the Commission's personnel policies and procedures. Defendants conclude that all necessary procedural steps were complied with, and therefore, the judgment of the circuit court was against the manifest weight of the evidence. We do not agree.

■■ It is true, as a general rule, that hearsay evidence is not admissible in administrative proceedings (*Spaulding v. Howlett* (1978), 59 Ill. App. 3d 249, 251, 375 N.E.2d 437; *Russell v. License Appeal Com.* (1971), 133 Ill. App. 2d 594, 598, 273 N.E.2d 650), and a letter is characteristically hearsay in nature. (*Department of Public Works & Buildings v. Maddox* (1961), 21 Ill. 2d 489, 494, 173 N.E.2d 448; see also *Richardson v. Perales* (1971), 402 U.S. 389, 402, 28 L. Ed. 2d 842, 853, 91 S. Ct. 1420.) However, in *Richardson v. Perales*, the United States Supreme Court held, despite its hearsay character, a written report by a licensed physician, who had examined the claimant, may be received in evidence in a disability hearing where the claimant has not exercised his right to subpoena the

---

[2] This resolution was taken from plaintiff's brief. Defendants do not contest its accuracy.

reporting physician to thereby provide himself with the opportunity for cross-examination of that physician. Similarly, in the present matter, plaintiff had the right to subpoena Dr. Haughton and Dr. Smith, as well as Richard Krei. This she failed to do. (See Ill. Rev. Stat. 1977, ch. 34, par. 5026.) In view of *Perales*, we feel, under such circumstances, the plaintiff was not denied her due-process right to cross-examination. Nonetheless, this determination does not affect our conclusion that plaintiff's termination was fundamentally unfair and contrary to the manifest weight of the evidence. *Penrod v. Department of Corrections* (1979), 72 Ill. App. 3d 649, 391 N.E.2d 59; *Pletcher v. Illinois Racing Board* (1978), 57 Ill. App. 3d 73, 372 N.E.2d 1075; *McCoy v. Board of Fire & Police Commissioners* (1977), 54 Ill. App. 3d 276, 369 N.E.2d 278.

We base this conclusion primarily on the fact that plaintiff received her first notice of layoff less than a week after she transferred from the hospital to the Commission, and no more than about one month after she was asked to transfer. We are of the opinion that this evidences the fact that defendants were already in the process of making the decision to terminate plaintiff's position with the Commission when she was asked to transfer to the Commission where she would have the lowest seniority in her particular grade. The review of the layoff procedure set forth in section 3.10 *et seq.* clearly suggests that the initial layoff decision requires a certain period of time to effect. Further, it cannot be questioned that closing the school of nursing, which was apparently a crucial factor in plaintiff's layoff, was not done abruptly or without prior careful consideration. In view of these facts and since it is well established that the circuit court, when considering equitable questions, is governed by the principles of fair dealing (see *Hall v. Wilson* (1934), 277 Ill. App. 601, 607), we feel it acted properly when it ordered plaintiff reinstated.

For the foregoing reasons, the circuit court's order, reversing the affirmance of plaintiff's layoff, is affirmed.

Affirmed.

GOLDBERG, P. J., and McGLOON, J., concur.