PEPSI-COLA GENERAL BOTTLERS, INC., Plaintiff-Appellant, v. ILLINOIS HUMAN RIGHTS COMMISSION *et al.*, Defendants-Appellees.

First District (4th Division)   No. 84—1384

Opinion filed October 10, 1985.

Seyfarth, Shaw, Fairweather & Geraldson, of Chicago (William R. Sullivan, Jr., and Charles C. Jackson, of counsel), for appellant.

Edwin F. Mandel Legal Aid Clinic, of Chicago (Gary H. Palm, of counsel), for appellee Robert Buckhalter.

JUSTICE LINN delivered the opinion of the court:

Robert Buckhalter (Buckhalter) filed a charge of race discrimination before the previous Illinois Fair Employment Practices Commission (FEPA) against his former employer, Pepsi-Cola General Bottlers, Inc. (Pepsi-Cola). The charges were tried before an administrative law judge of the Illinois Human Rights Commission (IHRC), the successor agency of the FEPC. The judge found the evidence insufficient to sustain the charge and recommended a ruling in favor of Pepsi-Cola. This determination was adopted and affirmed by the IHRC. (*In re Buckhalter* (1982), 7 Ill. H.R.C. Rep. 96.) Buckhalter took no appeal from that decision to the Cook County circuit court.

Upon the rendition of its decision by the IHRC, Pepsi-Cola filed before the IHRC a motion to modify the Commission order. In that pleading, Pepsi-Cola sought attorney fees and costs for its defense of Buckhalter's charges before both the administrative law judge and the IHRC. The Commission denied Pepsi-Cola's motion for modification as well as its subsequent motion for rehearing of such denial.

Thereafter Pepsi-Cola filed suit in the Cook County circuit court to seek review of the IHRC's orders pursuant to the Administrative Review Act. (Ill. Rev. Stat. 1983, ch. 110, par. 3—101 *et seq.*) The circuit court denied Pepsi-Cola's request for administrative review and found that the IHRC's denial of Pepsi-Cola's motions was an exercise of appropriate discretion by the IHRC. Pepsi-Cola appeals from the trial court's ruling.

The parties raise the following questions for our review:

1. Whether the Illinois Human Rights Act (Ill. Rev. Stat. 1983, ch. 68, par. 1—101 *et seq.*) invests in the IHRC the authority to modify its own previous order in order to provide for an award of attorney fees not included in the original order;

2. Whether Pepsi-Cola was entitled to attorney fees here, on the ground that Buckhalter's prosecution of his discrimination charge before the administrative law judge and the IHRC was frivolous, unreasonable, or without foundation;

3. Whether Pepsi-Cola waived its claim for attorney fees on the ground that it failed to raise the issue properly before the administrative law judge and the IHRC.

We affirm.

BACKGROUND

The salient facts of record are as follows. Buckhalter's charge of race discrimination against Pepsi-Cola, filed on August 2, 1978, alleged in substance that Pepsi-Cola's termination of Buckhalter's employment with the Company amounted to racial discrimination. Buckhalter claimed that his employment had been terminated unreasonably and without justification, and further that other employees who had been properly found to be engaged in conduct which Pepsi-Cola prohibited had not been discharged, although Buckhalter had.

Specifically, Buckhalter maintained that his discharge on the ground of possession of alcoholic beverages while on company time and property constituted disparate treatment. He alleged that Pepsi-Cola had reversed its decision to discharge a white employee charged with possession of marijuana on company time and property, and that the alleged reasons for this reversal applied equally to the circumstances surrounding his own discharge for violation of the same rule. Buckhalter thus contended that the Company acted differently in his case on the ground of race.

In addition to his challenge of Pepsi-Cola's failure to reverse his discharge, Buckhalter also maintained that his employer lacked sufficient basis to impose the penalty of discharge to begin with. It was his position that his discharge resulted from an indiscriminate imposition of discipline on black employees.

Buckhalter contended that the discharge of the white employee was reversed because there was uncertainty as to whether he had actually possessed marijuana, for which he had been discharged. Pepsi-Cola contended that no such reasonable uncertainty existed in the case of Buckhalter. It also cited union pressure to reverse the decision to discharge the white employee as an additional nondiscriminatory reason for its action. Pepsi-Cola also cited in addition its refusal to reverse the discharge of a second white employee who had been let go for possession of beer and marijuana on company time and property.

Following extensive discovery and several days of hearings, the administrative law judge entered its recommended order and decision. In it the judge made detailed findings of fact, based upon which the judge recommended that the complaint be dismissed on the ground that the evidence presented did not sustain the allegations made in

the complaint. The recommended order made no reference to an award of attorney fees and costs for either party to the cause.

Buckhalter timely filed exceptions to this recommended order, in which he advanced various bases for reversal thereof. Pepsi-Cola filed responses to these exceptions in a lengthy brief. Pepsi-Cola filed no exceptions to the judge's recommended order on its own behalf to seek attorney fees, however, nor did its brief in response to Buckhalter's exceptions make any reference to an award of attorney fees and costs to Pepsi. Instead, it requested only that the IHRC adopt the recommended order of the administrative law judge.

The IHRC, in a written order and decision, unanimously adopted and affirmed the judge's recommended order and decision and ordered dismissal of Buckhalter's complaint. The Commission's decision made no reference to an award of attorney fees to Pepsi.

Thereafter, Pepsi-Cola filed before the IHRC its motion to modify the IHRC's order. In the motion Pepsi sought an order to allow it reasonable attorney fees incurred in the defense of the discrimination action before both the administrative law judge and the Commission. Pepsi-Cola claimed that in its answer to Buckhalter's complaint, Pepsi requested such fees because it believed Buckhalter's claims were frivolous, unreasonable, and/or brought in bad faith. Pepsi argued that the question of its fees had not previously been the subject of a brief or motion by the parties.

The IHRC denied the motion to modify in a written order which specified two reasons for this denial. First, the Commission concluded that it did not have the authority to modify its prior order since it was a final judgment, which the Commission determined it was unable to alter because the Human Rights Act did not provide for modification of final orders. In addition, the Commission concluded that denial was appropriate because the administrative law judge had not made the requisite finding that Buckhalter had continued to litigate after it became apparent that the complaint was unreasonable, frivolous, or groundless. The Commission determined that its own precedent required such a finding in order to justify an award of fees to a respondent. (*In re Townsend* (1981), 1 Ill. H.R.C. Rep. 157.) The Commission subsequently denied Pepsi-Cola's motion for rehearing on this question.

After the Commission denied Pepsi's motion for modification, but before it denied Pepsi's motion for rehearing, Pepsi filed a complaint pursuant to the Administrative Review Act (Ill. Rev. Stat. 1983, ch. 110, par. 3—101 *et seq.*) to review the Commission's denial of Pepsi's motion to modify. In the complaint, Pepsi requested that (a) the

IHRC's order which denied its motion to modify be judicially reviewed; (b) upon such review, the Commission's order be reversed, or in the alternative reversed and remanded to the IHRC for further proceedings; and (c) it be awarded attorney fees and costs incurred in its defense before the administrative law judge, the IHRC, and before the circuit court in its present action.

Both Buckhalter and the Commission filed answers and memoranda in opposition to Pepsi's complaint for administrative review, to which Pepsi replied.

Following a hearing upon the matter at which all parties presented argument based upon their positions filed of record, the trial court entered a written order which denied Pepsi-Cola's request for administrative review. The trial court found that the IHRC "exercised appropriate discretion in its ruling." It is from this judgment that Pepsi now takes the instant timely appeal.

OPINION

The Administrative Review Act (Ill. Rev. Stat. 1983, ch. 110, par. 3—101 *et seq.*) empowers the circuit court to review any final administrative decision and to consider all questions of law and of fact presented by the entire record before the court. (Ill. Rev. Stat. 1983, ch. 110, par. 3—110.) The circuit court has the authority, *inter alia*, "to affirm or reverse the decision [of the administrative agency] in whole or in part ***." (Ill. Rev. Stat. 1983, ch. 110, par. 3—111(a)(5).) Thus, the decision of the administrative agency will be reversed either where it is legally erroneous (*City of East Peoria v. Pollution Control Board* (1983), 117 Ill. App. 3d 673, 680, 452 N.E.2d 1378) or is factually against the manifest weight of the evidence. (*Ernzen v. Board of Trustees* (1981), 96 Ill. App. 3d 1143, 1147, 421 N.E.2d 1065.) A similar standard applies to an appeal from a trial court's determination upon a party's request for administrative review. Ill. Rev. Stat. 1983, ch. 110, par. 3—112; *Spaulding v. Howlett* (1978), 59 Ill. App. 3d 249, 251, 375 N.E.2d 437.

Section 8—106(F)(5) of the Illinois Human Rights Act provides (Ill. Rev. Stat. 1983, ch. 68, par. 3—106(F)(5)):

> "A recommended order dismissing a complaint may include an award of reasonable attorneys fees in favor of the respondent if the hearing officer concludes that the complaint was frivolous, unreasonable or groundless or that the complainant continued to litigate after it became clearly so."

In the case at bar, the trial court concluded that the IHRC's denial of Pepsi-Cola's request for attorney fees was a proper exercise of

the Commission's discretion. In its appeal from this ruling, Pepsi argues, *inter alia*, that the Commission's decision was not based upon the exercise of any discretionary authority of the IHRC, but instead was founded upon two conclusions of law: first, that the Commission lacked the authority under the Illinois Human Rights Act to modify its final order; and second, that the Commission had no basis upon which to effect any modification because the administrative law judge did not make the requisite factual·finding on the issue of attorney fees. Pepsi argues that both of these legal conclusions reached by the IHRC were erroneous, and that as a result the decision of the Commission should be reversed.

■ We note at the outset that this court, as a court of review, is not bound by any determinations of law made by either the trial court or the Commission. (*Danison v. Paley* (1976), 41 Ill. App. 3d 1033, 1036, 355 N.E.2d 230.) Furthermore, we observe that this court may affirm the decisions of the trial court and the Commission on any basis appearing in the record, regardless of the actual findings and rulings of the court or agency below. *Material Service Corp. v. Department of Revenue* (1983), 98 Ill. 2d 382, 387, 457 N.E.2d 9; *Illinois Bell Telephone Co. v. Illinois Commerce Com.* (1953), 414 Ill. 275, 289-90, 111 N.E.2d 329.

■ Based upon this precedent, we conclude that we need not resolve the questions of legal sufficiency raised by Pepsi. Instead, assuming, *arguendo*, that the Commission could have modified its order to allow Pepsi recovery of its attorney fees, we determine that the evidence was sufficient to support a denial of Pepsi's request for such fees. Consequently, we agree with the trial court here that the Commission's decision was an appropriate exercise of its discretion.

The record shows that the parties before the administrative law judge produced extensive and detailed evidence of the circumstances surrounding Buckhalter's discharge from Pepsi's employ. This evidence demonstrated that Buckhalter had been discharged for infractions of certain company rules, while another white employee had not been so severely penalized for alleged infractions of the same rules. The proof indicated that this white employee was not discharged because extended inquiry into the events surrounding his alleged violation of company rules led Pepsi to conclude that there was insufficient evidence to show that the employee had indeed committed the acts upon which his discharge had been founded. Buckhalter's contention that the circumstances surrounding his alleged infractions were similarly inconclusive and thus insufficient to warrant his discharge was rebutted by Pepsi through the introduction of evidence that a second

white employee, who had also committed similar infractions, had also been discharged, however.

It was clearly the accumulation of these treatments which led the administrative law judge to conclude that Buckhalter's discharge was not the result of racial discrimination. Nevertheless, we decline to make the inferential leap which Pepsi suggests that Buckhalter's claim was therefore patently frivolous. The fact that his complaint was found legally insufficient does not in our opinion justify the further conclusion that his charge must have been wholly without merit. "This kind of hindsight logic could discourage all but the most airtight claims, for seldom can a prospective plaintiff be sure of ultimate success." *Christiansburg Garment Co. v. Equal Employment Opportunity Com.* (1978), 434 U.S. 412, 422, 54 L. Ed. 2d 648, 657, 98 S. Ct. 694, 700.

Based upon our thorough review of the evidence, we conclude that there was sufficient proof to support a conclusion that Buckhalter's claim was not frivolous, unreasonable, or groundless, and that it was not continued after it became clearly so. Accordingly, we affirm the decision of the trial court.

For the reasons stated, the judgment of the trial court is affirmed.

Affirmed.

JIGANTI, P.J., and JOHNSON, J., concur.