NAILA KURDI, Plaintiff-Appellant, v. DU PAGE COUNTY HOUSING AU-
THORITY *et al.,* Defendants-Appellees.

Second District   No. 2—86—0955

Opinion filed October 15, 1987.

Jerry Brask, of Prairie State Legal Services, Inc., of Wheaton, for appellant.

Hartman E. Stime and Christine M. Ory, both of Peregrine, Stime, Newman & Ritzman, Ltd., of Wheaton, for appellees.

JUSTICE REINHARD delivered the opinion of the court:

Plaintiff, Naila Kurdi, appeals the order of the circuit court of Du Page County affirming the final determination of the Du Page County Housing Authority (Authority). Plaintiff's appeal arises out of the original administrative determination to terminate her rent subsidy under section 8 of the Federal Housing and Urban Development (HUD) regulations enacted pursuant to the United States Housing Act of 1937 (42 U.S.C. sec. 1401 *et seq.* (1978)), as amended by the Housing and Community Development Act of 1974 (42 U.S.C. sec. 1437 *et seq.* (1978)), as administered by the Authority. The Authority terminated plaintiff's rent subsidy, and plaintiff appealed the Authority's action, requesting a hearing before a hearing officer. The hearing officer affirmed the decision of the Authority finding that she violated regulations concerning her family income and family size.

Plaintiff then filed a complaint for review by common law *certiorari* in the circuit court of Du Page County against the Authority and its director, Elaine Libovicz, defendants. Plaintiff sought review of the hearing officer's decision as well as a preliminary injunction. In addition to the record of the administrative proceedings, the Authority provided a supplemental decision which contained the hearing officer's factual findings to support the conclusion that plaintiff violated the regulations pertaining to her income and family size. The circuit court then denied both plaintiff's complaint for review and her motion to reconsider.

Plaintiff raises two issues on appeal: (1) whether the admission of certain items of evidence was hearsay and therefore improperly admitted as evidence at the administrative hearing, and (2) whether the hearing officer's decision was against the manifest weight of the evidence.

Plaintiff, Naila Kurdi, receives a rent subsidy from the Department of Housing and Urban Development. The subsidy program is administered by the Du Page County Housing Authority (Authority). In April 1985, plaintiff rented an approved apartment in Woodridge, Illinois. Plaintiff entered into a contract with the Authority and the landlord whereby plaintiff would pay a smaller portion of the rent and the Authority would pay the larger portion. She executed forms that listed her sole income as public aid benefits and that she and her children would reside in the apartment. Plaintiff thereafter resided in the apartment with her three minor children.

In April 1986, the Authority notified plaintiff by letter that she was in violation of the housing agreement. Specifically, the letter cited her failure to report her husband as a household member and that she had received income from her husband. The letter apparently reflected the results of an investigation conducted by an Authority employee, Ms. Parvine McDonald.

The Authority subsequently terminated plaintiff's rent subsidy, and plaintiff sought and received a hearing before a hearing officer. At the hearing, plaintiff testified that her husband, from whom she was separated, was not a member of her household and that she had not received any income from him. Her mother similarly testified in her behalf as well as a friend of her husband's who testified that her husband resided with him during the period in question.

To support its contention that plaintiff was in violation of the housing agreement, the Authority introduced certain exhibits, among others, of forms received by the Department of Public Aid which had been completed by three former employers of plaintiff's husband regarding his employment during the period in question. These forms reflected the employers' responses that plaintiff's husband listed as his address the same apartment where plaintiff lived. An employee of the Authority also testified to receiving this same information from the Department of Public Aid in a telephone conversation. Plaintiff objected to this evidence on foundational and hearsay bases. The hearing officer also allowed into evidence, over objection, testimony by an Authority employee that unidentified persons at the apartment complex "believed" there was a man living there because they saw a man with plaintiff often. The only other relevant evidence to support its

decision that was introduced by the Authority was evidence that plaintiff had used her maiden name when filling out the housing application and other forms at the time she was approved for housing.

In response, however, evidence was adduced by plaintiff that the policy of the Authority is not to ask the marital status of the occupant. Further, plaintiff testified that she voluntarily informed the Authority at the time of the renewal of her housing application that she was married and wanted her name changed to her married name because she was always receiving her mother's mail. She was separated from her husband and only saw him when he visited their two children several times a week. She had been receiving her husband's mail, but he wasn't given permission to use her address. Although the Department of Public Aid also initially terminated her public aid payments when the investigation began by the Authority, this action was rescinded.

At the outset, while both parties agree that plaintiff has a property interest which may not be terminated without affording due process rights, the parties dispute whether hearsay evidence was properly admitted before the hearing officer in the administrative hearing. Plaintiff contends that hearsay testimony admitted over objection is inadmissible in administrative hearings in Illinois. (See *Grand Liquor Co. v. Department of Revenue* (1977), 67 Ill. 2d 195, 199, 367 N.E.2d 1238; see also *Jackson v. Board of Review* (1985), 105 Ill. 2d 501, 508-09, 475 N.E.2d 879.) Defendants argue, however, that regulation 882.216(b)(6) (24 C.F.R. sec. 882.216(b)(6) (1986)), governing the administration of section 8 of the Federal Housing Assistance Program (United States Housing Act of 1937, 42 U.S.C. sec. 1401 *et seq.* (1978), as amended by Housing and Community Development Act of 1974, 42 U.S.C. sec. 1437 *et seq.* (1978)), described the due process requirements for informal hearings and provides, in pertinent part:

> "The PHA [Public Housing Authority] and the participant shall be given the opportunity to present evidence, and may question any witnesses. Evidence may be considered without regard to admissibility under the rules of evidence applicable to judicial proceedings." (24 C.F.R. sec. 882.216(b)(6)(iv).)

Thus, defendants assert that the hearing officer followed the regulation promulgated by an agency of the Federal government which, it argues, allows hearsay evidence.

Federal Regulation 24 C.F.R. sec. 882.216(b)(6) (1986) provides as follows:

> "The PHA [Public Housing Authority] shall adopt written procedures for conducting informal hearings for participants in

the PHA's Section 8 program. The PHA hearing procedures shall comply with the following:

(i) The hearing may be conducted by any person or persons designated by the PHA, other than a person who made or approved the decision under review or a subordinate of such person.

(ii) At its own expense, the participant may be represented by a lawyer or other representative.

(iii) The person who conducts the hearing may regulate the conduct of the hearing in accordance with the PHA hearing procedures.

(iv) The PHA and the participant shall be given the opportunity to present evidence, and may question any witnesses. Evidence may be considered without regard to admissibility under the rules of evidence applicable to judicial proceedings.

(v) The person who conducts the hearing shall issue a written decision, stating briefly the reasons for the decision. Factual determinations relating to the individual circumstances of the participant shall be based on the evidence presented at the hearing. A copy of the hearing decision shall be furnished promptly to the participant."

The parties have not indicated whether the Authority has adopted its own written procedures for the hearing in compliance with the guidelines set forth in regulation 882.216(b)(6). Nonetheless, we can assume from the record that the Authority followed the Federal regulations or its own similar procedures for the conducting of the hearing. See *King v. Housing Authority* (11th Cir. 1982), 670 F.2d 952, 953 n.1 (housing authorities required to adhere to Housing Act and regulations under annual contributions contract with HUD); see also *Hess v. Ward* (E.D. Pa. 1980), 497 F. Supp. 786, 798.

In Illinois, section 3—111(b) of the Administrative Review Law (Ill. Rev. Stat. 1985, ch. 110, par. 3—111(b)) provides:

"Technical errors in the proceedings before the administrative agency or its failure to observe the technical rules of evidence shall not constitute grounds for the reversal of the administrative decision unless it appears to the court that such error or failure materially affected the rights of any party and resulted in substantial injustice to him or her."

■■ Our supreme court has held that this statute did not abrogate the fundamental rules of evidence, and that the hearsay evidence rule was not eliminated from administrative proceedings by this provision. (*Jackson v. Board of Review* (1985), 105 Ill. 2d 501, 509, 475 N.E.2d

879; *Novicki v. Department of Finance* (1940), 373 Ill. 342, 344, 26 N.E.2d 130.) As the Authority is an administrative agency created under Illinois law (Ill. Rev. Stat. 1985, ch. 67½, par. 1 *et seq.*) and no issue is raised concerning the propriety of seeking administrative review in the Illinois courts, section 3—111(b) of the Administrative Review Law as interpreted by our supreme court applies. While defendants contend that hearsay evidence is permissible under Federal regulation 882.216(b)(6)(iv), which provides, in part, that "[e]vidence may be considered without regard to admissibility under the rules of evidence applicable to judicial proceedings," no authority is cited to support that argument. Even assuming that the Federal regulation is applicable, the result in this case is the same as under Illinois law.

■ Under Federal administrative procedures, hearsay evidence is generally admissible. (*Hoska v. United States Department of Army* (D.C. Cir. 1982), 677 F.2d 131, 138; *Calhoun v. Bailar* (9th Cir. 1980), 626 F.2d 145, 148; *School Board v. Department of Health, Education & Welfare* (5th Cir. 1976), 525 F.2d 900, 905; see Administrative Procedure Act, 5 U.S.C. sec. 556(3)(d) (1978).) However, courts have restricted the use of hearsay evidence where it is immaterial, irrelevant, or unreliable. (See *Richardson v. Perales* (1971), 402 U.S. 389, 402, 28 L. Ed. 2d 842, 853, 91 S. Ct. 1420, 1428; *Hoska v. United States Department of Army* (D.C. Cir. 1982), 677 F.2d 131, 138-39; *Calhoun v. Bailar* (9th Cir. 1980), 626 F.2d 145, 148; *cf.* Administrative Procedure Act, 5 U.S.C. sec. 556(3)(d) (1978).) In analyzing the reliability of hearsay evidence, and the weight to be accorded such evidence, a court should consider the following indicia of reliability: (1) the possible bias of the declarant; (2) whether statements are signed and sworn as opposed to anonymous, oral, or unsworn; (3) whether or not the statements are contradicted by direct evidence; (4) availability of the declarant and whether or not the opponent subpoenaed the declarant; (5) credibility of the declarant or witness testifying to the hearsay; and (6) whether the hearsay is corroborated. *Calhoun v. Bailar* (9th Cir. 1980), 626 F.2d 145, 149.

■ As hereinafter discussed, the only direct evidence that plaintiff's husband was residing with her was the anonymous statements of persons who "believed" plaintiff had a man living with her. Not only were the declarants unavailable and unidentified, the statements were contradicted by the direct testimony of several witnesses that plaintiff's husband did not live with her. (See *School Board v. Department of Health, Education & Welfare* (5th Cir. 1976), 525 F.2d 900, 906.) These statements of unidentified persons do not meet the test for reliability and are, therefore, inadmissible in administrative hear-

ings conducted in accordance with the Federal regulations.

Defendants alternatively contend that even if certain evidence was hearsay, it was still admissible under the business records exception or public records exception to the hearsay rule. See *Daniels v. Retirement Board* (1982), 106 Ill. App. 3d 412, 415, 435 N.E.2d 1276.

The principal evidence relied on by the Authority to prove that plaintiff's husband lived with her and supported her consisted of documents and testimony that plaintiff's husband listed as his address plaintiff's address with his employers, that plaintiff's husband received some of his mail at her address, that plaintiff filled out housing application forms and other documents at the time using her maiden name, and that in a conversation with unnamed persons at the housing complex it was stated that they ''believed'' plaintiff had a man living with her.

■■ ■ The conversation with unnamed persons that they ''believed'' plaintiff had a man living with her is clearly hearsay and does not fall within any exception to the hearsay rule. The content of this evidence was clearly most damaging and prejudicial and was the only direct evidence that a man was living in the apartment. Where hearsay evidence appears in the record, it may not be considered in reaching a decision, and any factual determination based on hearsay and unsupported by other competent evidence in the record must be reversed. (*Shapiro v. Regional Board* (1983), 116 Ill. App. 3d 397, 408, 451 N.E.2d 1282.) All the other evidence against plaintiff was circumstantial and was insufficient, even if we were to assume it was admissible under some exception to the hearsay rule, to support the hearing officer's decision that plaintiff was receiving income from her husband and that he was living with her.

Plaintiff's testimony that she was separated from her husband and was not receiving any support from him or living with him was supported by two other witnesses. While the use of her maiden name may arguably support an inference that she wanted to hide her married status for some reason, it is adequately rebutted by uncontroverted evidence that the policy of the Authority is not to inquire into the marital status of applicants, that plaintiff did use her married name on public aid forms during the same time period in question, that she was the one who volunteered her married name on her renewal application to the Authority, and that she changed to her married name because of confusion caused when she received her mother's mail at her address. Further, the evidence that her husband used her address for some of his mail and in his employment forms does not alone sufficiently establish that he actually lived there or contrib-

uted to her support.

In reviewing this evidence, the findings and conclusions of the administrative agency on questions of fact are to be considered *prima facie* true and correct. (Ill. Rev. Stat. 1985, ch. 110, par. 3—110; *Collura v. Board of Police Commissioners* (1986), 113 Ill. 2d 361, 372, 498 N.E.2d 1148.) On administrative review, this court should not weigh the evidence to determine where the preponderance lies but must limit its inquiry to ascertaining whether the findings and decisions of the agency are against the manifest weight of the evidence. (113 Ill. 2d 361, 372-73, 498 N.E.2d 1148.) However, for the reasons stated above, the record does not disclose evidentiary support for the hearing officer's decision, and the decision, therefore, is reversed as against the manifest weight of the evidence.

Reversed.

LINDBERG, P.J., and UNVERZAGT, J., concur.