In the
United States Court of Appeals
For the Seventh Circuit

No. 00-3823

City of Beloit,

Plaintiff-Appellant,

v.

Local 643 of the American Federation of State,
County and Municipal Employees, AFL-CIO,

Defendant-Appellee.

Appeal from the United States District Court
for the Western District of Wisconsin.
No. 00 C 220--Barbara B. Crabb, Judge.

Argued March 26, 2001--Decided April 20, 2001

Before Flaum, Chief Judge, and Bauer and Rovner,
Circuit Judges.

Flaum, Chief Judge. The city of Beloit
("Beloit") appeals the dismissal of its
declaratory judgment action against Local 643,
American Federation of State, County and
Municipal Employees, AFL-CIO ("Local 643"). This
action seeks to determine whether Beloit is
required to arbitrate a grievance filed by Local
643. Beloit challenges the district court's
determination that federal subject matter
jurisdiction over its suit is absent. For the
reasons stated herein, we affirm.

I. Background

Beloit receives grants from the federal
government to fund its public transit system as
provided in the Urban Mass Transit Act ("UMTA"),
49 U.S.C. sec. 5301, et seq. Beloit and Local 643
have what is known as a sec. 13(c) agreement,
named after a section of the original UMTA. This
section, now codified at 49 U.S.C. sec. 5333(b),
requires a recipient of financial assistance
under the UMTA to arrange for the protection of
employees who are involved in the public transit
system.

The sec. 13(c) agreement between Beloit and
Local 643 provides that no employee represented

by Local 643 can be laid off or otherwise have his or her employment condition worsened as a result of the receipt of federal funds. Another part of the agreement states that its protections do not apply to changes in business brought about by causes other than Beloit's use of the federal assistance. An unexecuted addendum to the sec. 13(c) agreement states that if a dispute under the agreement is not resolved, Local 643 can file a written notice with the Wisconsin Employment Relations Commission ("WERC") and have the dispute submitted to arbitration.

The number of people using Beloit's mass transit system has declined every year since 1992, while the costs of operating the system have risen. Because of the financial difficulties caused by these trends, Beloit decided to lay off two part-time employees and not to fill a vacancy created by another worker who left the city's employ. Local 643's representative sent a grievance form to Beloit, claiming that the sec. 13(c) agreement required Beloit to notify the union of any layoffs. Beloit responded that the matter was not grievable because the reduction in force was caused by external economic conditions not related to the receipt of federal assistance. Local 643 then filed a notice with the chairman of WERC and demanded binding arbitration.

Beloit then filed a declaratory judgment action in federal court seeking a determination that its employment decisions were not covered by the sec. 13(c) agreement and thus it was not required to submit to arbitration. Local 643 responded with a motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). The district court dismissed Beloit's suit, finding no basis for federal jurisdiction.

II. Discussion

Beloit's primary argument to this court is based on 49 U.S.C. sec. 5333(b)(1), which states "As a condition of financial assistance . . . , the interests of employees affected by the assistance shall be protected under arrangements the Secretary of Labor concludes are fair and equitable" (emphasis added). The "arrangements" described in this section are provisions that would be included in a sec. 13(c) agreement. 49 U.S.C. sec. 5333(b)(2). Beloit contends that the language of sec. 5333(b)(1) indicates that such arrangements apply only when employees are negatively "affected by the assistance" of federal funding. It claims that this statutory language of the UMTA requires a nexus between the receipt of any federal funds and an adverse employment action before the protections of a

sec. 13(c) agreement can be invoked. This interpretation of the UMTA presents a federal question, and thus the federal courts have subject matter jurisdiction under 28 U.S.C. sec. 1331.

We review de novo the district court's dismissal for lack of subject matter jurisdiction. Sapperstein v. Hager, 188 F.3d 852, 855 (7th Cir. 1999). The only possible basis for subject matter jurisdiction in this case would appear to be federal question jurisdiction. The well-pleaded complaint rule requires a federal question to be evident from the face of the plaintiff's complaint for jurisdiction under 28 U.S.C. sec. 1331 to exist. Rivet v. Regions Bank of La., 522 U.S. 470, 475 (1998); see also Louisville & Nashville R.R. Co. v. Mottley, 211 U.S. 149 (1908). In a declaratory judgment action, the well-pleaded complaint rule requires this court to determine whether a federal question would be present on the face of a complaint by the declaratory defendant in a presumed suit against the declaratory plaintiff, unless the declaratory defendant is a government entity. Norfolk S. Ry. Co. v. Guthrie, 233 F.3d 532, 535 (7th Cir. 2000); Northeast Ill. Reg'l Commuter R.R. Corp. v. Hoey Farina & Downes, 212 F.3d 1010 (7th Cir. 2000) ("Metra").

Because Local 643, the declaratory defendant, is a private entity, we examine whether federal question jurisdiction would have existed over any claims it could have raised in a suit against Beloit. As described in Beloit's complaint, Local 643 contends that the sec. 13(c) agreement requires the city to send a formal notice to the union regarding any layoffs of transit workers, but Beloit refused to provide this notice. Thus, an action by Local 643 would be premised on a breach of the sec. 13(c) agreement. A claim that a sec. 13(c) agreement has been violated does not state a cause of action on which relief can be granted in a federal court, Jackson Transit Auth. v. Local Div. 1285, Amalgamated Transit Union, 457 U.S. 15 (1982), and so the union's suit would be dismissed. In this presumed action, Beloit's argument based on the lack of a nexus between the federal funds and the adverse employment action asserted to be required by the UMTA would be raised only as a defense, and so would not satisfy the well-pleaded complaint rule. Rivet, 522 U.S. at 475. Thus, even if interpretation of the UMTA would be required, this would not be evident from the face of the union's complaint and we would lack jurisdiction in this putative suit. Because federal jurisdiction would be absent in a suit by Local 643 against Beloit, we also lack jurisdiction to consider Beloit's declaratory action against Local 643.

Beloit has a few responses to this line of reasoning, but these are unsuccessful. The initial two concern substantive arbitrability, that is, the question of whether a party can be required to arbitrate a dispute. Beloit's first contention is that the putative suit filed by Local 643 could have been a declaratory action asking a federal court to find that the sec. 13(c) agreement provided for arbitration, rather than a simple breach of contract suit. Beloit conjectures that the union might have done this because, according to its complaint, the only mention of arbitration is contained in an unexecuted addendum to the sec. 13(c) agreement, and Local 643 could have had concerns about whether Beloit could be forced into arbitration on this basis. The second claim is that under federal law whether an employer must arbitrate a dispute with a union is a matter for a court rather than an arbitrator.

The problem with both of Beloit's related contentions is that an issue of substantive arbitrability standing alone does not present a federal question; rather, some other basis for jurisdiction must present. Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 25 n.32 (1983); Caudle v. American Arbitration Ass'n, 230 F.3d 920, 922 (7th Cir. 2000). Thus, Beloit's first argument would not establish jurisdiction because the mere fact that Local 643 might wish to determine whether it could force the city to arbitrate would not cause the union's suit to arise under federal law. Such a suit by Local 643 would raise questions only of interpreting the sec. 13(c) agreement to determine what it requires. Under Jackson Transit, 457 U.S. at 29, such issues are to be decided by state courts rather than federal ones.

Regarding Beloit's second argument, the city is correct that under federal law substantive arbitrability is usually an issue for the courts. E.g., AT&T Techs., Inc. v. Communications Workers of Am., 475 U.S. 643, 649 (1986). However, as stated above, a question of substantive arbitrability does not establish a basis for federal jurisdiction. Since no foundation for jurisdiction is present in this case, we lack the power to determine whether Beloit should be required to arbitrate. By comparison, in all of the cases cited by Beloit for the principle that substantive arbitrability is a matter for the courts, federal jurisdiction was based on 29 U.S.C. sec. 185(a), which provides for subject matter jurisdiction for "[s]uits for violation of contracts between an employer and a labor organization." See, e.g., AT&T Techs., 475 U.S. at 646 & n.4. However, as noted by the district

court, "employer" is defined as excluding "any State or political subdivision thereof." 29 U.S.C. sec. 152(2). Thus, Beloit cannot take advantage of this provision to establish jurisdiction.

Beloit's last argument is based on case law, but the decisions it cites are distinguishable because of the nature of the defendants in those suits. Two of these, United Transp. Union v. Brock, 815 F.2d 1562 (D.C. Cir. 1987) and Amalgamated Transit Union Int'l v. Donovan, 767 F.2d 939 (D.C. Cir. 1985), each involved a challenge to the Secretary of Labor's ("Secretary") decision to certify a sec. 13(c) agreement. The Secretary's approval of a sec. 13(c) agreement is required by what is now 49 U.S.C. sec. 5333(b)(1), and in each case a union was claiming that the Secretary erred in granting certification because the agreement in question did not adequately protect the interests of transit workers. Neither case discusses subject matter jurisdiction, but a basis for such is readily apparent. Suits against federal officers or agencies arise under the laws of the United States, unless a statute precludes judicial review, and thus 28 U.S.C. sec. 1331 provides a basis for subject matter jurisdiction. See Califano v. Sanders, 430 U.S. 99, 105 (1977). In both United Transportation and Amalgamated Transit, the plaintiff unions were suing the Secretary, no statute precluded review,/1 and thus each action raised a federal question. By contrast, Beloit is suing a private organization rather than a federal agency or officer, and so cannot rely on the same basis for jurisdiction that was present in the D.C. Circuit cases.

The final case relied on by Beloit is City of Independence, Mo. v. Bond, 756 F.2d 615 (8th Cir. 1985). This case involved the interpretation of an agreement formed pursuant to a provision in the Job Training Partnership Act ("JTPA")/2 rather than a sec. 13(c) agreement under the UMTA, but Beloit argues that the two situations are analogous. Even if the two statutes are similar, City of Independence cannot aid Beloit. As explained in Metra, 212 F.3d 1015-16, when a declaratory action is filed against a state government entity, the complaint of the declaratory plaintiff determines whether the well-pleaded complaint rule is satisfied. City of Independence was a declaratory judgment action naming the governor of Missouri, the executive of a county, and the county itself, which are all government entities or officers, as declaratory defendants. 756 F.2d at 616. Thus, the declaratory complaint, rather than a presumed complaint by the declaratory defendant, would have been examined to determine whether a federal

question was well pleaded. The plaintiff city's complaint raised the need to interpret the JTPA on its face, id. at 617-18, and so jurisdiction arose under 28 U.S.C. sec. 1331. By contrast, Local 643 is a private organization and so, as discussed earlier, different principles for determining whether federal question jurisdiction exists over a declaratory judgment action apply and differentiate this case from City of Independence.

III.  Conclusion

Under Jackson Authority, federal jurisdiction would not exist over a suit by Local 643 against Beloit for a breach of the sec. 13(c) agreement. For this reason and because Local 643 is a private organization, we lack jurisdiction to entertain a declaratory judgment action by Beloit seeking to preempt Local 643's attempt to require the city to arbitrate the alleged breach. Therefore, the district court's dismissal of this action because of the absence of subject matter jurisdiction is Affirmed.

/1 In Amalgamated Transit, the Secretary argued that the Administrative Procedure Act shielded his actions from judicial scrutiny, but this contention was rejected by the D.C. Circuit. 767 F.2d at 944-46.

/2 The JTPA has since been superseded by the Workforce Investment Act of 1998, 29 U.S.C. sec. 2801, et seq. See 29 U.S.C. sec. 2940(b).