# In the

# United States Court of Appeals

## For the Seventh Circuit

———————————

No. 02-1889

ODESSA MCCALL, Guardian of the Estate
of JOSEPH BESS, JR., an Incompetent Minor,

*Plaintiff-Appellant,*

v.

UNITED STATES OF AMERICA,

*Defendant-Appellee.*

———————————

Appeal from the United States District Court
for the Southern District of Illinois.
No. 00 C 740—**Michael J. Reagan**, *Judge.*

———————————

ARGUED OCTOBER 1, 2002—DECIDED NOVEMBER 13, 2002

———————————

Before COFFEY, RIPPLE and KANNE, *Circuit Judges.*

RIPPLE, *Circuit Judge.* Odessa McCall, as guardian of the estate of Joseph Bess, Jr., brought this action against the United States pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2674. Ms. McCall alleged that government doctors provided negligent treatment during the birth of her grandson, who was born with serious medical problems including mental incompetency. The district court dismissed her complaint, concluding that the suit was time-barred. On appeal, Ms. McCall submits that the FTCA's administrative statute of limitations should have been tolled

because Joseph is incompetent—a condition brought about by the Government's own negligence. Because the FTCA's statute of limitations is not tolled during the minority of the putative plaintiff, we affirm the judgment of the district court.

# I

# BACKGROUND

## A. Facts

### 1. Joseph's Birth

Early in the morning of September 25, 1995, Nichole McCall arrived in active labor at the Touchette Regional Hospital in Centreville, Illinois. Hospital personnel placed her in a labor room. Around 5 a.m., hospital personnel told Ms. McCall that her baby was "in distress."

Around 8:30 a.m., nurses told Ms. McCall that delivery was still some time away. Ms. McCall responded, however, that she believed delivery was imminent. For unexplained reasons, the nurses left her room at that point. Before any doctors or nurses returned, she gave birth to Joseph Bess, Jr. Dr. D. Ballinger and Dr. E. Ekwulugo, both employed by the United States through the National Health Service, had provided prenatal care to Ms. McCall. Although Dr. Ballinger was on his way to the hospital and Dr. Ekwulugo was working in the hospital that morning, neither of these doctors treated her until after Joseph was born.

When the nurses returned to Ms. McCall's room and discovered Joseph's birth, they saw that he was blue and was having trouble breathing. The nurses performed chest compressions and suctioning on Joseph, but, despite these attempts, he began experiencing seizures. Consequently, medical personnel transferred Joseph by helicopter to Children's Hospital in St. Louis, Missouri.

Joseph spent seventeen days in neonatal intensive care at Children's Hospital. During his stay, medical personnel there told Ms. McCall that the umbilical cord had wrapped around Joseph's neck during his birth and that he had been permanently brain-damaged.

### 2. Early Litigation

Within six months of Joseph's birth, Ms. McCall consulted with a medical malpractice attorney about the problems during delivery. Soon thereafter, at some unspecified date in 1996, she sued Touchette Regional Hospital and various nurses in Illinois state court. For reasons not reflected in the record, Ms. McCall voluntarily dismissed this suit.

In 1999, Ms. McCall filed an administrative claim with the Department of Health and Human Services. She alleged that government doctors acted negligently during her labor and delivery of Joseph. The Department of Health and Human Services did not take any action on this claim.

### B. District Court Proceedings

In September 2000, Nichole McCall and Odessa McCall, the grandmother and guardian of the estate of Joseph Bess, Jr.,[1] brought this federal action against the hospital, two nurses, Dr. Ekwulugo, Dr. Ballinger, and the United States for medical malpractice. The McCalls based jurisdiction on the FTCA, 28 U.S.C. § 1346(b)(1). They alleged that the defendants negligently caused Joseph's injuries, including mental incompetency. For reasons not reflected in the record, Ms. McCall voluntarily dismissed herself from the suit. The United States substituted itself for the two doctors.

---

[1] The record does not indicate when Odessa McCall was appointed as Joseph's guardian.

The United States moved to dismiss the action for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1). The Government argued that the FTCA's two-year administrative statute of limitations, 28 U.S.C. § 2401(b), barred Odessa McCall's suit because no one had filed an administrative claim in the case until almost four years after Joseph's injuries occurred. The district court granted the dismissal on the ground that the limitations period had passed. It concluded that, regardless of Joseph's incompetency, the FTCA's statute of limitations is not tolled for infants. The district court declined to exercise supplemental jurisdiction over Odessa McCall's remaining claims.

## II

### DISCUSSION

Ms. McCall asks us to hold that a minor's mental incompetency, allegedly caused by the defendant, the United States, tolls the FTCA's administrative statute of limitations. Because the FTCA's statute of limitations is not tolled during the minority of a putative plaintiff, we decline to do so.

We review the district court's dismissal for lack of subject matter jurisdiction de novo. *See City of Beloit v. Local 643 of American Federation of State, County & Municipal Employees*, 248 F.3d 650, 652 (7th Cir. 2001). The FTCA exposes the United States to tort liability "in the same manner and to the same extent as a private individual . . . ." 28 U.S.C. § 2674. The FTCA has a two-year administrative statute of limitations: "[a] tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues . . . ." 28 U.S.C. § 2401(b). Federal law governs when claims accrue under the FTCA. *Jastremski v. United States*, 737 F.2d 666, 669 (7th Cir. 1984).

Although the statute of limitations is an affirmative defense, Ms. McCall, as the plaintiff, has the burden of establishing an exception to the statute. *See Weger v. Shell Oil Co.*, 966 F.2d 216, 218 (7th Cir. 1992). Therefore, Ms. McCall must show that Joseph's claim accrued less than two years before presentation of the administrative claim, unless some form of tolling applies. Ms. McCall argues that tolling applies in this case because courts generally toll the FTCA's statute of limitations when the Government causes mental incompetence in the plaintiff. *See Clifford by Clifford v. United States*, 738 F.2d 977, 980 (8th Cir. 1984)*; Zeidler v. United States*, 601 F.2d 527, 531 (10th Cir. 1979). *But cf. Barren by Barren v. United States*, 839 F.2d 987, 991-92 (3d Cir. 1988).

Although Ms. McCall focuses on the nature and cause of Joseph's injury, Joseph's status as a minor is the controlling factor in the tolling analysis. The nature of the injury, even a cognitive one such as mental incompetence, is not relevant when the putative plaintiff is a minor. *See Barnhart v. United States*, 884 F.2d 295, 299 (7th Cir. 1989) ("Where the plaintiff was a minor whose parents had a duty to take the initiative in instituting a legal action, or where a plaintiff has an appointed guardian with a similar duty, the plaintiff's incapacity would not appear to be similarly critical."); *Crawford v. United States*, 796 F.2d 924, 927 (7th Cir. 1986) ("[W]e note that if Crawford had been a minor when the accident occurred . . . his lack of mental capacity would be irrelevant."). Therefore, the main thrust of the appeal is whether the statute of limitations can be tolled even though Joseph is a minor.

Our sister circuits have established the general rule that the FTCA's statute of limitations is not tolled during the period of a putative plaintiff's minority. *See MacMillan v. United States*, 46 F.3d 377, 381 (5th Cir. 1995) ("[U]nder the FTCA, the limitations period is not tolled during the minority of the putative plaintiff; rather 'his parent's

knowledge of the injuries is imputed to him.'"); *Zavala by Ruiz v. United States*, 876 F.2d 780, 783-84 (9th Cir. 1989) (holding that it would not toll the FTCA's statute of limitations because the minor's parent had a duty to act on the minor's behalf); *Clifford*, 738 F.2d at 980 (noting the "well-recognized" rule that the FTCA's statute of limitations is "not ordinarily tolled for infancy"); *Leonhard v. United States*, 633 F.2d 599, 624 (2d Cir. 1980) ("It is firmly established that the two-year [FTCA's statute of limitations] period is not tolled by the claimant's minority."); *Robbins v. United States*, 624 F.2d 971, 972 (10th Cir. 1980) ("It is well established, however, that a claimant's minority does not toll the running of the [FTCA's] statute of limitations.").

Although we have never expressly decided the question, strong language in several of our opinions concurs that the FTCA's statute of limitations is not tolled during the period of minority. *See Barnhart*, 884 F.2d at 299 (noting that the FTCA's statute of limitations would not be tolled "[w]here the plaintiff was a minor whose parents had a duty to take the initiative in instituting a legal action"); *Crawford*, 796 F.2d at 927 (recognizing that "[t]he cases that hold that infancy does not toll the administrative statute of limitations imply that a parent is an adequate surrogate"); *Swietlik v. United States*, 779 F.2d 1306, 1308 (7th Cir. 1985) (noting the "long line of cases under the Federal Tort Claims Act hold[ing] that the statute of limitations in that Act is not tolled by infancy"); *Jastremski*, 737 F.2d at 669 ("The parents or guardian of a minor must bring the minor's claim in a timely fashion because the child's minority does not toll the running of the federal tort claims statute of limitations.").

Ms. McCall challenges this rule on policy grounds, arguing that it would be unfair to apply the rule if the minor's parents did not have a duty to sue on their child's behalf. Courts, however, are not free to construe the FTCA's statute of limitations broadly. As the Supreme Court made

clear in *United States v. Kubrick*, 444 U.S. 111, 117 (1979), courts must not construe the FTCA's limitation provisions "so as to defeat [their] obvious purpose, which is to encourage the prompt presentation of claims." Additionally, because the FTCA waives the immunity of the United States and its statute of limitations is a condition of that waiver, courts should not "extend the waiver beyond that which Congress intended." *Id.* at 117-18. This conclusion is strengthened when examined against the background of a proposed amendment in 1989 to the FTCA. In that amendment, Congress considered creating a tolling exception for minors under the FTCA's statute of limitations, but ultimately, the amendment did not make it out of committee.[2]

Therefore, we now join our sister circuits and hold that the FTCA's statute of limitations is not tolled during the period of a putative plaintiff's minority. We refrain from deciding, however, whether our analysis would be the same if the record affirmatively reflected that the parents had an interest adverse to or that the custodial adult could not be expected to make legal decisions in the best interests of the child. There is no evidence here that the McCalls' interests

---

[2] The proposed amendment would have tolled the FTCA's statute of limitations until putative plaintiffs turned 18:

> That section 2401(b) of title 28, United States Code, is amended—
>
> > (1) by striking out 'A' and inserting in lieu thereof 'Except as provided in the second sentence of this subsection, a'; and
> >
> > (2) by adding at the end thereof the following: 'A tort claim against the United States of any person who is under the age of 18 years at the time the claim accrues may be presented to the appropriate Federal agency not later than two years after such person reaches the age of 18 years.'

H. R. 3260, 101st Cong. (1989).

conflicted with Joseph's interests. To the contrary, within six months of Joseph's tragic birth, his mother consulted with an attorney about obtaining legal relief, and the McCalls subsequently filed two lawsuits and an administrative claim. Thus, we leave open the question whether the FTCA's statute of limitations would be tolled if a minor lacked adequate means of obtaining judicial relief through either his parents or a guardian.

As a final argument, Ms. McCall asserts that Joseph's due process and equal protection rights are violated when courts toll the FTCA's statute of limitations for adults—but not minors—whom the Government has rendered incompetent. We are not persuaded, however, that these claims rise to constitutional proportion. *See Zavala*, 876 F.2d at 784; *Landreth by Ore v. United States*, 850 F.2d 532, 535 (9th Cir. 1988).

### Conclusion

For the foregoing reasons, the judgment of the district court is affirmed.

AFFIRMED

A true Copy:

Teste:

_____
*Clerk of the United States Court of Appeals for the Seventh Circuit*